■ TERRY E. MANNING, Appellant, v TOWN OF LEWISTON, Respondent. [595 NYS2d 154] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured while working on the roof of a water holding tank

approximately 35 feet above the ground. The roof was flat for the first three feet from the edge and then sloped upward about 10 more feet. A railing around the edge of the tank had been removed a few weeks before and no other safety devices were present. Plaintiff tripped on a discarded piece of scaffolding and fell onto the flat part of the roof, landing on the pipe scaffolding he was carrying. He stated that he was faced with falling on the scaffolding or falling to the ground. The court erred in granting defendant Town of Lewiston's cross motion for summary judgment dismissing plaintiff's complaint. We reject defendant's argument that Labor Law § 240 (1) could not apply because plaintiff fell at, rather than from, a height *(see, Brown v Niagara Mohawk Power Corp.,* 188 AD2d 1014; *Aruck v Xerox Corp.,* 144 Misc 2d 367, 372, *affd* 166 AD2d 907; *see also, Pietsch v Moog, Inc.,* 156 AD2d 1019). We conclude, however, that plaintiff was not entitled to partial summary judgment on his Labor Law § 240 (1) cause of action against the Town because his conclusory account of the accident fails to establish liability as a matter of law. (Appeal from Order and Judgment of Supreme Court, Niagara County, Rath, Jr., J.— Summary Judgment.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.