■ JONATHAN TALLCHIEF, Respondent, v JEMCO ROOFING et al., Respondents-Appellants. BUFFALO ENTERPRISE DEVELOPMENT CORP. et al., Third-Party Plaintiffs-Respondents, v TYRONE LEROY, SR., Doing Business as LEROY CONSTRUCTION, Third-Party Defendant-Appellant. JEMCO ROOFING, Third-Party Plaintiff-Respondent, v TYRONE LEROY, SR., Doing Business as LEROY CONSTRUCTION, Third-Party Defendant-Appellant. [629 NYS2d 603] —Order unanimously affirmed without costs. Memorandum: Plaintiff was employed to perform roofing work. The owners of the building, defendants and third-party plaintiffs Buffalo Enterprise Development Corp. (BEDC) and Erie County Industrial Development Agency, Inc. (ECIDA) contracted with defendant and third-party plaintiff Jemco Roofing (Jemco) to perform roofing work on the building. Jemco subcontracted the work to plaintiff's employer, third-party defendant Tyrone LeRoy, Sr., doing business as LeRoy Construction (LeRoy). LeRoy performed the work with equipment owned by Jemco.

Plaintiff's accident occurred while LeRoy's employees were applying molten roofing asphalt to the upper surface of the building. In order to transport the hot asphalt to the roof, it was first melted at ground level in a device called a kettle. The hot tar was then piped through a two-inch pipe to the roof, where it was connected to a short section of flexible metal pipe called a flexline. The flexline was connected to a device on the roof called a hot lugger. The flexline was wedged or stuck a

few inches into the hot lugger. Plaintiff was injured when the end of the flexline came out of the hot lugger, swung around and sprayed hot tar, some of which fell on him. At that time plaintiff was standing on a ladder against the building below the roof and the flexline. Plaintiff commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

After joinder of issue, BEDC, ECIDA and Jemco commenced third-party actions against LeRoy for indemnification and contribution. LeRoy answered the third-party complaints. BEDC and ECIDA moved for summary judgment against Jemco and LeRoy for common-law indemnification. Jemco cross-moved for an order of conditional summary judgment against LeRoy. Plaintiff subsequently moved for summary judgment on the issue of liability on the Labor Law § 240 (1) and § 241 (6) causes of action. Jemco cross-moved for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6) causes of action and all cross claims. BEDC and ECIDA also cross-moved for summary judgment dismissing the negligence and Labor Law causes of action and all cross claims. LeRoy cross-moved for summary judgment dismissing the third-party complaints.

Supreme Court granted the motions of third-party plaintiffs for a conditional judgment for common-law indemnification against LeRoy, but denied the motions to dismiss plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. The court granted plaintiff's motion for summary judgment on the issue of Labor Law § 240 (1) liability.

We conclude that the court properly granted plaintiff summary judgment on the issue of Labor Law § 240 (1) liability and properly denied defendants' motions for summary judgment on the issue of Labor Law § 241 (6) liability. We agree with plaintiff that the placement of the ladder directly below the hot roofing tar failed to provide proper protection, in violation of Labor Law § 240 (1). The record establishes that the injury of plaintiff was the result of a specific gravity-related accident in that he was struck by falling tar (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Having demonstrated that the statute was violated and that the violation was a proximate cause of his injuries, plaintiff was properly granted summary judgment on the issue of liability under Labor Law § 240 (1) (see, Garhartt v Niagara Mohawk Power Corp., 192 AD2d 1027, 1028).

In order to establish a cause of action under Labor Law § 241 (6), a plaintiff must show that defendant violated a rule or

regulation of the Commissioner of Labor "mandating compliance with concrete specifications" *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *see, Adams v Glass Fab,* 212 AD2d 972). Plaintiff raised an issue of fact that defendants violated 12 NYCRR 23-1.24 (d). Thus, the court properly denied the summary judgment motions seeking to dismiss plaintiff's Labor Law § 241 (6) cause of action.

Finally, we note that, although LeRoy appealed from that portion of Supreme Court's order granting third-party plaintiffs a conditional judgment for common-law indemnification, it has failed to address the issue in its brief. Thus, that portion of LeRoy's appeal is deemed abandoned *(see, Ciesinski v Town of Aurora,* 202 AD2d 984). (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Labor Law.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.