[649 NYS2d 236]

Curtis White, Respondent, v Sperry Supply and Warehouse, Inc., Also Known as Sperry Supply, Inc., et al., Appellants.

Third Department, November 7, 1996

## APPEARANCES OF COUNSEL

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, P. C.,* Albany *(John W. Bailey* of counsel), for Sperry Supply and Warehouse, Inc., appellant.

*Moran & Pronti,* Clifton Park *(Diane De Furio Foody* of counsel), for Frances C. Bruno and another, appellants.

*Zwiebel, Brody & Gold, P. C.,* Kingston *(Majer H. Gold* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J. P.

This action arises out of injuries allegedly sustained by plaintiff on June 15, 1987 while laying a roof on a building owned by defendants Frances C. Bruno and Patrick J. Bruno and leased to defendant Sperry Supply and Warehouse, Inc. At the time of the incident, plaintiff was employed as a laborer by Tru Value Construction Company which, in turn, had been hired by Sperry to lay the roof. Plaintiff essentially was responsible for loading and unloading the employer's truck and moving materials onto the roof.

On the day of the accident plaintiff, who was positioned on the roof, was engaged in raising five-gallon buckets of hot tar onto the roof. Although a hoist previously had been used for this purpose, the hoist had been dismantled and plaintiff was using a rope to raise the buckets of tar. After raising the last bucket of tar, plaintiff noticed that his right foot was stuck to the roof. Following an unsuccessful attempt to free his right

foot, plaintiff attempted to free his left foot and, in the course of doing so, became entangled in the bucket of tar. Plaintiff then bent down to separate his foot from the bucket and, as he stood up, he lost his balance. Realizing that he was about to fall off of the roof and into the vat of hot tar below, plaintiff "buckled" and fell backwards onto the roof. As he did so, the bucket of hot tar behind him spilled, causing second and third degree burns to his legs.

Plaintiff thereafter commenced this action against defendants alleging violations of Labor Law § 240 (1) and § 241 (6) and defendants answered, with Sperry asserting a cross claim against the Brunos for contribution and indemnification. Plaintiff then served an amended complaint alleging a violation of Labor Law § 241 (5) and, following joinder of issue and discovery, Sperry moved for summary judgment dismissing the complaint and the Brunos cross-moved for similar relief. Finding that plaintiff's injuries were brought about by his attempt to avoid falling from an elevated worksite, Supreme Court, *inter alia*, denied defendants' respective motions for summary judgment dismissing the complaint and granted plaintiff partial summary judgment on his Labor Law § 240 (1) cause of action. This appeal by defendants followed.

The primary issue on appeal distills to whether Labor Law 240 (1) was intended to protect against the particular type of hazard encountered by plaintiff here. We think not. It is well settled that Labor Law § 240 (1) imposes absolute liability upon owners, contractors and agents for injuries suffered by workers that were proximately caused by the failure to provide or erect those safety devices necessary to protect workers from elevation-related hazards and risks (*see, Jock v Fien*, 80 NY2d 965, 967-968; *Vona v St. Peter's Hosp.*, 223 AD2d 903, 904). In determining the scope of Labor Law § 240 (1), however, the Court of Appeals has made clear that the " 'special hazards' " associated with the elevation at which either the particular task must be performed or the materials in question must be loaded or secured "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity. Rather, the 'special hazards' referred to are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]; *see, Kelleher v Power Auth.*, 211 AD2d 918, 919). In other words, the statute is designed to prevent those types of accidents in which "[the]

protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501 [emphasis in original]) and, as such, injuries resulting from other types of hazards are not compensable under Labor Law § 240 (1) even if such injuries are proximately caused by the absence of an adequate safety device (*see, supra*, at 500).

Our consideration of the foregoing principles leads us to conclude that plaintiff's injury does not fall within the class of elevation-related hazards contemplated by Labor Law § 240 (1). To be sure, there is little question that plaintiff sustained his injuries in an attempt to avoid falling off of the roof and into the vat of tar below and, in that sense, the force of gravity—or perhaps more appropriately, the fear of gravity—arguably played a role in his accident. The fact remains, however, that plaintiff neither fell from an elevated worksite nor was struck by a falling object (*compare, Tallchief v Jemco Roofing*, 217 AD2d 915, 916 [plaintiff struck by falling hot tar]), and the connection between his accident and the force of gravity is, in our view, tangential at best (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501; *compare, Mattison v Wilmot*, 228 AD2d 991; *Wensley v Argonox Constr. Corp.*, 228 AD2d 823). Accordingly, defendants are entitled to summary judgment dismissing plaintiff's cause of action under Labor Law § 240 (1).[1]

We next turn to plaintiff's cause of action under Labor Law § 241 (6), which requires owners and contractors to provide adequate safety protection for workers and to comply with the specific rules and regulations promulgated by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501-502).[2] This duty is nondelegable, and the injured plaintiff need not show that the defendant exercised control or supervision over the worksite in order to demonstrate his or

1. To the extent that the Fourth Department's decision in *Manning v Town of Lewiston* (191 AD2d 1035) provides support for plaintiff's claim under Labor Law § 240 (1), we decline to follow it.

2. Supreme Court, after granting plaintiff partial summary judgment on his Labor Law § 240 (1) claim, dismissed plaintiff's claims under Labor Law § 241 (5) and (6) as moot and, as such, did not address the merits. Although we agree with Supreme Court that Labor Law § 241 (5) is inapplicable, as plaintiff did not fall through a shaft or opening in a floor, we reach a contrary conclusion regarding the viability of plaintiff's claim under Labor Law § 241 (6).

her right to recovery (*see, supra*, at 502). To sustain a cause of action under this provision, however, "a plaintiff must show that the defendant breached a regulation containing specific commands and standards as opposed to one that merely incorporates the general common-law standard of care" (*Baird v Lydall, Inc.*, 210 AD2d 577, 578; *see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 502-503).

Plaintiff, in his bill of particulars, alleged violations of, *inter alia*, 12 NYCRR 23-1.5 (general safety standards), 12 NYCRR 23-1.7 (d) (slipping hazards) and 12 NYCRR 23-1.7 (e) (tripping and other hazards). To be sure, 12 NYCRR 23-1.5, which merely recites general safety standards, does not afford a basis for a claim under Labor Law § 241 (6) (*see, Stairs v State St. Assocs.*, 206 AD2d 817, 818), and 12 NYCRR 23-1.7 (d), which relates to slipping hazards, is inapplicable to the facts of this case. However, 12 NYCRR 23-1.7 (e) (2), which requires that floors and similar work areas be kept free from, *inter alia*, materials and debris, is sufficiently specific to support a cause of action under Labor Law § 241 (6), and our review of the record indicates that defendants have failed to demonstrate their entitlement to summary judgment in this regard.[3] Accordingly, plaintiff's Labor Law § 241 (6) cause of action must be reinstated. Defendants' remaining contentions, including the Brunos' assertion that Supreme Court erred in denying their cross motion for summary judgment dismissing Sperry's cross claim for contribution and indemnification, have been examined and found to be lacking in merit.

WHITE, CASEY, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim and dismissed, as moot, plaintiff's Labor Law § 241 (6) claim; motions for summary judgment dismissing the Labor Law § 240 (1) claim granted and motions for summary judgment dismissing the Labor Law § 241 (6) claim denied; and, as so modified, affirmed.

---

3. The record presently before us is not sufficiently developed to determine the applicability of the remaining regulations relied upon by plaintiff.