OPINION OF THE COURT
Rose H. Sconiers, J.
*699 Plaintiff, Robert Striegel, by notice of motion seeks partial summary judgment imposing liability against defendant and third-party plaintiff, Hillcrest Heights Development Corporation (Hillcrest), under Labor Law § 240 (1) and § 241 (6) and reserving for trial the issues of plaintiff’s damages. Hillcrest as the owner and general contractor of a certain construction project of residential housing, including 35 North Hill Drive, East Aurora, New York, resists this motion and cross-moves for summary judgment seeking indemnification and costs from third-party defendant, Sahlem’s Roofing and Siding (Sahlem’s).
Upon review of submitted pleadings, affidavits, depositional testimony and legal memoranda, this court now finds as follows:
On the early morning of November 18, 1991, plaintiff was laying out roofing felt on the roof of 35 North Hill Drive for his employer, Sahlem’s. As plaintiff lifted a roll of felt and began to walk along the roof ridge, one foot slipped on plywood sub-roofing covered by a layer of frost which had yet to thaw in the morning sun, causing his body to twist, his lower back to crack and plaintiff to fall face forward onto the roof surface. Plaintiff slid and rolled down the length of the roof until his pants snagged on one or more protruding nails and was thus saved from sliding off the edge. It is not disputed that no roof brackets, toe boards, or scaffolding were provided at the job site. It is also undisputed that plaintiff was engaged in work at an elevated work site. Plaintiff, therefore, claims that Hillcrest is absolutely liable under Labor Law § 240 (1) for his fall and resultant injuries, and liable under section 241 (6) for failing to afford him a safe place to work and for violating various safety regulations.
In response, both Hillcrest and Sahlem’s initially assert that there is a real issue that plaintiff, in fact, injured his back from lifting the roll of felt and not from falling onto the roof surface.
However, the depositional testimony of plaintiff, upon which defendants rely, is insufficient to support this contention or to otherwise refute plaintiff’s preliminary showing of liability under the Labor Law.
More on point, defendants argue that even though plaintiff was working at an elevated work site, his injuries, assuming they occurred as alleged, were not occasioned by a fall from that site, but rather, by a fall onto the very work site surface upon which plaintiff was walking. As authority, defendants rely upon White v Sperry Supply & Warehouse (225 AD2d 130 [3d Dept 1996]), wherein the Court found that plaintiff’s ac *700 cident was not within the “special hazards” scope of Labor Law § 240 (1) as his injuries had resulted from his attempts to avoid falling from the roof upon which he was working into a vat of hot tar below.
In White (supra), the injured worker was engaged in hauling five-gallon buckets of hot tar onto a roof. While attempting to unstick his feet from the roof surface, one foot became entangled with one of the tar buckets and in attempting to disengage that foot, the worker lost his balance. Fearing that he was about to fall into the vat of hot tar, the worker “buckled” and fell backward onto the roof, spilling a bucket of hot tar and causing burns to his legs.
Although not stated within White, in ruling that the worker therein did not actually fall from an elevated work site and that the force of gravity “—or perhaps more appropriately, the fear of gravity—” and its connection with his accident was “tangential at best” (supra, at 133), it seems reasonable to this court, to infer from the work that was being performed, that the roof therein was a flat one.
Thus, the appellate court concluded that the worker’s injuries resulted from his fall at a height which was not such a specific gravity-related accident as falling from a height and thereby were not compensable under Labor Law § 240 (1). (White v Sperry Supply & Warehouse, supra, citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993], and declining to follow Manning v Town of Lewiston, 191 AD2d 1035 [1993].) (As affects the construction worker perched on an unguarded ledge high above the ground, staring into open space and feeling the draw of vertigo, one must wonder, however, how real or how tangential are the influences of gravity to that worker when his imbalance necessitates a split second choice between the open space below or “buckling” to the surface upon which he stands.)
Nevertheless, in the instant case, involving as it does a sloped roof, this court believes that the risk of slipping and falling while working upon that slope is more certainly related to the direct application of gravity, pulling the worker from the elevation differential between the ridge of the roof to its eave, than if he were merely standing on a flat roof. It is for this reason that roof brackets and/or toe boards (crawling boards), etc., are required by 12 NYCRR 23-1.24 (a) and (b).
Nor does that gravitational influence change even when such safety devices are in place, for the same gravitational force is at play whether the worker is walking up the slope of the roof *701 using toe boards, or along the ridge with his feet positioned upon the slope, or upon a properly placed scaffold anchored to the roof. Suppose, for example, the roof upon which plaintiff was laying out roofing felt had been properly safeguarded with toe boards so that he was able to ascend the pitch of the roof by stepping from one board to the next much like one would climb a ladder. If his foot should slip or a toe board give way causing him to fall to the roof, are not any sustained injuries occasioned by the same gravitational forces which would have otherwise propelled him to the ground if the offending toe board had been positioned at the roofs edge?
This court thus concludes that plaintiff’s accident herein is within the purview of those elevation-related hazards contemplated by Labor Law § 240 (1); that the duty imposed thereunder was violated; and that plaintiff is entitled to partial summary judgment on this issue of liability.
In reaching this conclusion the court need not, therefore, address those issues presented in plaintiffs claim under Labor Law § 241 (6).
Hillcrest, has however, made a prima facie showing that it played no part in plaintiff’s work methods or in creating the condition of the work site giving rise to this action. On the other hand, Sahlem’s response herein contains no submission of any evidence of active negligence on the part of Hillcrest, such as exercising control or supervision over plaintiff’s activities, giving directives to plaintiff regarding the task at hand, or otherwise creating or contributing to the alleged icy condition of the roof surface. Accordingly, Hillcrest is entitled to a conditional judgment over for common-law indemnification against Sahlem’s, including attorney’s fees and disbursements incurred in the defense of plaintiff’s claim. (See, Damon v Starkweather, 185 AD2d 633 [4th Dept 1992].)