■ DONALD SNOWDEN, JR., Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent and Third-Party Plaintiff. F. GAROFOLO ELECTRIC COMPANY, INC., Third-Party Defendant-Respondent. [670 NYS2d 32] —Order, Supreme Court, New York

County (Robert Lippmann, J.), entered November 12, 1996, which granted defendant New York City Transit Authority's motion for summary judgment dismissing plaintiff's claims under Labor Law §§ 240 and 241 (6), and denied plaintiff's cross motion for partial summary judgment on the issue of the Transit Authority's liability and for leave to serve an amended bill of particulars and to conduct additional depositions, unanimously modified, on the law and the facts, to reinstate plaintiff's claim under Labor Law § 241 (6) and to grant plaintiff leave to amend his bill of particulars to assert a violation of 12 NYCRR 23-1.13 (b) (4), and otherwise affirmed, without costs.

Plaintiff has a viable claim under Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.13 (b) (4) (*see, McEllistrem v CAB Assocs.*, 1996 US Dist LEXIS 20226, *21-22 [ED NY, Sept. 10, 1996, Sifton, Ch. J.]), which requires that workers who may come into contact with an electric power circuit be protected against electric shock "by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means", and plaintiff should have been permitted to amend his bill of particulars so as to allege such violation. Unlike the other arguably applicable Industrial Code provisions that plaintiff sought to put in issue after the court-imposed deadline for completion of disclosure, no facts in addition to those alleged in plaintiff's complaint or bill of particulars, or inquired into at his deposition, are or need be alleged to make out a 12 NYCRR 23-1.13 (b) (4) violation (*see, Smith v Hovnanian Co.*, 218 AD2d 68, 71; *see also, Boyette v Algonquin Gas Transmission Co.*, 952 F Supp 192, 198). We note in this regard the Transit Authority's own records indicating that the fire that caused plaintiff's injuries was caused by an explosion caused by a piece of equipment plaintiff was using coming into contact with the live third rail. We reject third-party defendant contractor's argument that section 23-1.13 (b) (4) is inapplicable because plaintiff suffered burns and not an electric shock or because his tool and not his body came into contact with the live rail. We also reject the Transit Authority's argument that plaintiff was engaged in routine maintenance not covered by Labor Law § 241 (6). The negative equalization work that plaintiff was performing, under a contract that called for, *inter alia*, communications and signal work, wires and cable, copper bars, miscellaneous iron and steel, galvanizing, construction of a circuit breaker, is clearly the sort of hazardous "construction" work to which 12 NYCRR 23-1.13 (b) (4) is meant to apply (*compare, Alfieri v New York City Tr. Auth.*, 190 AD2d 594, *lv denied* 82 NY2d 655; *cf., Mosher v State of New York*, 80 NY2d

286). Contrary to plaintiff's claims, neither the Transit Authority nor the contractor admit that there was a violation of section 23-1.13 (b) (4), and issues of fact exist as to their liability thereunder, including whether the mats given to plaintiff provided effective insulation, whether plaintiff was negligent in his placement of the mats or otherwise, and the proximate cause of plaintiff's injuries (*see, Drago v New York City Tr. Auth.*, 227 AD2d 372). Plaintiff's request for additional depositions was properly denied absent an excuse for waiting more than a year after the disclosure deadline to make such request. We have considered the parties' other arguments and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.