■ THAD J. RICE, Appellant-Respondent, v CITY OF CORTLAND, Respondent, and REITH's HOLE DRILLING SERVICE, INC., Respondent-Appellant. (And a Third-Party Action.) [691 NYS2d 616] —Spain, J. Cross appeals from an order of the Supreme Court (Rumsey, J.), entered March 27, 1998 in Cortland County, which, *inter alia*, denied plaintiff's cross motion for summary judgment and partially denied a motion by defendant Reith's Hole Drilling Service, Inc. for summary judgment dismissing the complaint against it.

Plaintiff was injured in June 1994 while engaged in a construction and renovation project at the waste treatment plant owned by defendant City of Cortland and while in the employ of third-party defendant Structural Associates, Inc., the general contractor. As part of the project, Structural had hired defendant Reith's Hole Drilling Service, Inc. to drill four wells and install temporary outer casings therein to enable Structural to dewater the new aeration basins and install the permanent, inner casing (i.e., the PVC pipe) in the wells. Structural directed plaintiff to assist Reith's digging operations and Structural's placement of the PVC pipe into the newly dug holes. On the day of the accident, Reith workers drilled and cleaned the second well and after its rig operator lowered a metal cable from the boom of the drill rig, a Reith employee grabbed the cable and began walking it to the PVC pipe 25 feet away. When plaintiff grabbed the drill rig's metal cable in an effort to hook it to the nylon strap around the pipe that was to be placed into the well hole five feet away, the cable came into contact with overhead electric power lines and plaintiff was electrocuted, sustaining electrical burns.

Plaintiff thereafter commenced separate actions, later consolidated, against the City and Reith alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence, but later withdrew claims as against the City premised upon Labor Law §§ 200 and 240 (1). Reith brought a third-party action against Structural claiming it was responsible for plaintiff's injuries and seeking indemnification and/or contribution. The parties moved and cross-moved for summary judgment. Supreme Court—as relevant to this appeal—partially granted Reith's summary judgment motion dismissing all of plaintiff's Labor Law causes of action against it, but denied Reith's motion directed at plaintiff's common-law negligence claim. Reith now cross-appeals seeking summary judgment dismissing plaintiff's negligence claim. We agree with Reith's contention on appeal that this claim should have been dismissed upon Reith's motion. Supreme Court also granted the City's motion for summary judgment dismissing plaintiff's remaining claims against it premised upon Labor Law § 241 (6) and common-law negligence.[1] Plaintiff herein appeals from (1) the dismissal of his Labor Law §§ 200 and 241 (6) claims against Reith, which we affirm, and (2) the dismissal of his Labor Law § 241 (6) claim against the City, which we reverse.

On plaintiff's appeal, he argues that Supreme Court improperly granted Reith's motion for summary judgment dismissing plaintiff's causes of action predicated upon Labor Law §§ 200 and 241 (6). Under settled principles, we disagree. Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors and their agents to provide adequate safety protection for workers and to comply with specific safety rules and regulations promulgated by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-504; *see also, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 348). However, Reith was a subcontractor on this project whose liability as a statutory "agent" under this provision is limited to those areas and activities within the scope of work delegated to it, i.e., where it has been given authority to supervise and control the injury producing activity (*see, Russin v Picciano & Son*, 54 NY2d 311, 318; *Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 866; *Riley v S & T Constr.*, 172 AD2d 947, 948, *lv denied* 78 NY2d 853; *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 154, *appeal dismissed* 75 NY2d 947). Similarly, liability against a subcontractor based upon a claimed violation of Labor Law

---

1. Supreme Court also dismissed all cross claims against the City and denied Structural's and plaintiff's cross motions for summary judgment.

§ 200—which codifies the common-law duty of an owner or general contractor to provide a safe workplace—requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see also, Rizzuto v Wenger Contr. Co., supra,* at 352; *Russin v Picciano & Son, supra,* at 317; *Decotes v Merritt Meridian Corp., supra,* at 865-866).

The evidence in the record indisputably demonstrates that the injury-producing activity in which plaintiff was engaged at the time of the accident was the movement and installation of the PVC pipes, which was at Structural's direction and under its control. The record reflects that Reith owned the drill rig used to move the PVC pipe into the wells and its employees were operating it and participating in Structural's task of moving the piping when the accident occurred. This activity was Structural's responsibility and was not delegated to Reith, nor was it part of Reith's contractual duties, which were limited to drilling four wells and installing temporary outer casings. Indeed, plaintiff testified that only Structural directed and controlled his work. The fact that plaintiff was injured in the course of Reith's use and operation of its drilling rig equipment while assisting Structural's movement and installation of the pipes did not constitute authorization for Reith to supervise, direct or control this activity or plaintiff's work (*see, Walsh v Sweet Assocs.*, 172 AD2d 111, 114, *lv denied* 79 NY2d 755). Reith, the subcontractor, cannot be charged with breach of a duty to maintain a safe worksite where it did not have the authority to correct unsafe conditions or to control the contractor's activity underway (*see, Rizzuto v Wenger Contr. Co., supra,* at 352-353; *Decotes v Merritt Meridian Corp., supra,* at 865). Based upon the foregoing, Supreme Court correctly awarded Reith summary judgment dismissing plaintiff's claims against it predicated upon Labor Law §§ 200 and 241 (6).

By parity of reasoning, Reith's contention on appeal is correct that Supreme Court should have awarded it summary judgment dismissing plaintiff's common-law negligence claims against it. It has been repeatedly held that a precondition to the common-law duty imposed—like its later codification in Labor Law § 200—to provide construction site workers with a safe place to work "is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son, supra,* at 317; *see, Rizzuto v Wenger Contr. Co., supra,* at 352; *Comes v New York State*

*Elec. & Gas Corp.*, 82 NY2d 876, 877, *supra*; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299). Applying these principles to the facts herein, no negligence liability will attach to a subcontractor where, as here, there is no showing of authority to control the injury-producing activity in which plaintiff was engaged under the direction and supervision of his employer, the general contractor (*see, Decotes v Merritt Meridian Corp., supra,* at 865). As noted, Reith's operation of its own rig to assist Structural's movement of the pipes, while arguably contributing to the dangerous condition, did not confer authority on Reith to control either plaintiff's activities, the manner of Structural's work or the overall operation and safety of this worksite (*see, Walsh v Sweet Assocs., supra,* at 114; *see also, Decotes v Merritt Meridian Corp., supra*). Thus, Reith was entitled to summary judgment dismissing plaintiff's common-law negligence claim as well.

However, we agree with plaintiff's contention that Supreme Court should not have dismissed his Labor Law § 241 (6) cause of action as against the City. To recover under this provision, plaintiff was required to demonstrate a breach of a regulation containing specific commands and standards as opposed one which simply incorporates general common-law standards of care (*see, Comes v New York State Elec. & Gas Corp., supra,* at 878; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-504, *supra*; *White v Sperry Supply & Warehouse,* 225 AD2d 130, 134). The particular regulation which plaintiff alleges the City breached as owner of the worksite is 12 NYCRR 23-1.13 which provides specific guidelines to protect workers against electrocution. This regulation is a sufficiently specific safety directive to support a cause of action under Labor Law § 241 (6) (*see, Adams v Owens-Corning Fiberglass Corp.,* 260 AD2d 877; *Snowden v New York City Tr. Auth.,* 248 AD2d 235, 236; *White v Sperry Supply & Warehouse, supra,* at 134). Importantly, owners, such as the City, have a nondelegable responsibility under Labor Law § 241 (6) to provide adequate safety protections for workers and to comply with such specific safety regulations (*see, Rizzuto v Wenger Contr. Co., supra,* at 348; *Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-502; *Armer v General Elec. Co.,* 241 AD2d 581, 583, *lv denied* 90 NY2d 812; *White v Sperry Supply & Warehouse, supra,* at 133-134). It has been recognized that provisions of the Industrial Code (*see,* 12 NYCRR part 23)—like the one on which plaintiff relies, i.e., 12 NYCRR 23-1.13—which refer only to the duty of employers, also impose a duty upon owners, such as the City (*see, Adams v Owens-Corning Fiberglass Corp., supra*; *Snowden v New York City Tr. Auth., supra,* at 236 [concerning 12 NYCRR 23-

1.13 (b) (4)]; *Halftown v Triple D Leasing Corp.*, 89 AD2d 794 [concerning 12 NYCRR 23-1.13). Indeed, the regulations themselves state that part 23 applies, *inter alia*, to owners (*see*, 12 NYCRR 23-1.3; *see also*, 12 NYCRR 23-1.5 [a]).[2]

Thus, we disagree with Supreme Court's conclusion that the regulation upon which plaintiff bases his Labor Law § 241 (6) claim against the City, as the landowner, applies only to employers, which was the basis for that court's dismissal of this claim. For the foregoing reasons, that portion of the City's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action should have been denied and that claim should be reinstated. We have examined the appealing parties' arguments on appeal and conclude that, insofar as appealed from, no further modification of Supreme Court's order is warranted.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant City of Cortland's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action and as denied defendant Reith's Hole Drilling Service, Inc.'s motion for summary judgment dismissing plaintiff's common-law negligence claim against it; defendant City of Cortland's motion denied with regard to the Labor Law § 241 (6) cause of action, defendant Reith's Hole Drilling Service, Inc.'s motion granted with regard to the common-law negligence claim and said claim dismissed against said defendant; and, as so modified, affirmed.

---

2. By implication, 12 NYCRR 23-1.13 (a) suggests that this section applies to employers, owners, contractors and their agents who are *not* subject to the PSC's jurisdiction. Also, 12 NYCRR 23-1.3 indicates that the regulations in 12 NYCRR part 23 apply to employers, owners, contractors and their agents. While Supreme Court read the note accompanying 12 NYCRR 23-1.3 as suggesting that 12 NYCRR 23-1.13 creates an exception and only applies to employers and does not apply to owners, we cannot agree. It is unclear what the note means precisely as it may simply refer to the exclusion embodied in 12 NYCRR 23-1.13 (a) regarding the PSC's jurisdiction.