(February 21, 2006)

■ DANIEL HERNANDEZ et al., Appellants, v TEN TEN COMPANY, Also Known as 1010 COMPANY, et al., Respondents, et al., Defendant. (And Third-Party Actions.) [810 NYS2d 142]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 14, 2004, which, to the extent appealed from as limited by the brief, granted Prudential's motion and Schmergel Construction's cross motion, inter alia, for summary judgment dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6), unanimously modified, on the law, to deny the motion and cross motion as to the Labor Law § 240 (1) claim and reinstate the Labor Law § 240 (1) cause of action, the third-party complaint and all cross claims and counterclaims sounding in common-law indemnification or contribution against all defendants, and otherwise affirmed, without costs.

The motion court erroneously dismissed plaintiff electrician's Labor Law § 240 (1) claims against the general contractor Schmergel and building lessee Prudential. The record presents triable issues of fact as to whether construction was ongoing at

the time of the accident despite the fact that a portion of the premises was functioning as an office. Testimony by plaintiff and defendant witnesses reflect that at the time of the accident demolition was ongoing, lighting had not been fully installed in the premises, the area where plaintiff was injured had been sealed off from the rest of Prudential's work area, and mill work was being performed and continued for more than a week after the accident in the very area where plaintiff was injured. Plaintiff's allegation that it was during the midst of continuing construction, while he was performing punchlist work replacing recently installed lighting fixtures, that he fell from a ladder because of an electrical shock is sufficient to withstand summary judgment as to section 240 (1) (*see Griffin v New York City Tr. Auth.*, 16 AD3d 202, 203 [2005]; *see also Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882-883 [2003]).

Plaintiff's Labor Law § 241 (6) claims were properly dismissed for failure to identify any violation of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.