■ DANIEL HERNANDEZ et al., Appellants, v TEN TEN COMPANY et al., Respondents, et al., Defendant. (And Third-Party Actions.) [819 NYS2d 42]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 14, 2004, which, to the extent appealed from as limited by the brief, granted Prudential's motion and Schmergel Construction's cross motion, inter alia, for summary judgment dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6), unanimously reversed, on the law, without costs, the motion and cross motion as to the Labor Law § 240 (1) and § 241 (6) claims denied and the section 240 (1) and section 241 (6) causes of action, the third-party complaint and all cross claims and counterclaims sounding in common-law indemnification or contribution against all defendants reinstated.

The motion court erroneously dismissed plaintiff electrician's Labor Law § 240 (1) claims against the general contractor Schmergel and building lessee Prudential. The record presents triable issues of fact as to whether construction was ongoing at the time of the accident despite the fact that a portion of the premises was functioning as an office. Testimony by witnesses reflect that at the time of the accident demolition was ongoing, lighting had not been fully installed in the premises, the area where plaintiff was injured had been sealed off from the rest of Prudential's work area, and mill work was being performed and continued for more than a week after the accident in the very area where plaintiff was injured. Plaintiff's allegation that it was during the midst of continuing construction, while he was performing punchlist work replacing recently installed lighting fixtures, that he fell from a ladder because of an electrical shock is sufficient to withstand summary judgment as to section 240 (1) (see Griffin v New York City Tr. Auth., 16 AD3d 202, 203 [2005]; see also Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882, 883 [2003]).

Plaintiff's Labor Law § 241 (6) claim is also reinstated. His allegation of a violation of 12 NYCRR 23-1.13, in his supplemental bill of particulars, which provides guidelines to protect workers against electrocution, is sufficiently specific to support a Labor

Law § 241 (6) claim (*see Snowden v New York City Tr. Auth.*, 248 AD2d 235, 236 [1998]; *Rice v City of Cortland*, 262 AD2d 770, 773 [1999]). Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on February 21, 2006 (26 AD3d 248 [2006]) recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied, as academic.