Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered June 20, 2011, which, insofar as appealed from, denied plaintiffs motion for partial summary judgment on the issue of liability on his claims under Labor Law §§ 240 (1) and 241 (6), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, a carpenter employed by third-party defendant Eurotech Construction Corporation (Eurotech), was injured during the construction of a new building owned by defendant United Nations Federal Credit Union (UNFCU). Plaintiff was standing on an A-frame ladder when he was struck on the left side of his face by a live, energized and exposed electrical wire. When he pulled away from the wire, the ladder wobbled and moved, causing him to lose his balance, and fall to the ground. Defendant Tishman Construction Corp. was the project’s general contractor and defendant Petrocelli Electric Co. was the electrical subcontractor.
Partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action is warranted under the circumstances. The record establishes that the ladder provided to plaintiff was inadequate to the task of preventing his fall when he came into contact with the exposed wire and was a proximate cause of his injury (see Vukovich v 1345 Fee, LLC, 61 AD3d 533 [1st Dept 2009]; Quackenbush v Gar-Ben Assoc., 2 AD3d 824, 825 [2d Dept 2003]).
Plaintiff is also entitled to judgment as a matter of law on the *516 issue of defendants’ liability under Labor Law § 241 (6) predicated on violations of 12 NYCRR 23-1.13 (b) (3) and (4). These code sections are clear and specific in their commands that before work is started, it is to be ascertained whether the work will bring a worker into contact with an electric power circuit, and, if so, that the worker not be permitted to come into contact with the circuit without it being de-energized (see 12 NYCRR 23-1.13 [b] [4]; Hernandez v Ten Ten Co., 31 AD3d 333 [1st Dept 2006]; Snowden v New York City Tr. Auth., 248 AD2d 235 [1st Dept 1998]). Here, the record shows that the exposed, live circuit in the ceiling hit plaintiff in the face and was a proximate cause of his injury. Concur — Andrias, J.P, Sweeny, Freedman and Feinman, JJ.