■ JEFFREY BLANCO, Appellant, v NBC TRUST No. 1996A et al., Respondents. NBC TRUST No. 1996A et al., Third-Party Plaintiffs, v ATLAS-ACON ELECTRIC SERVICE, CORP., Third-Party Defendant-Respondent. [997 NYS2d 125]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 30, 2014, which, insofar as appealed from as limited by the briefs, granted those branches of the motion of defendants NBC Trust No. 1996A, NBC Universal Inc. and Cross Consulting, Inc., and the cross motion of third-party defendant Atlas-Acon Electric Service Corp., for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, those branches of the motion and cross motion denied, the section 240 (1) claim and third-party complaint reinstated, and, upon a search of the record pursuant to CPLR 3212 (b), partial summary judgment is awarded to plaintiff on the issue of liability on the Labor Law § 240 (1) claim.

Dismissal of the Labor Law § 240 (1) claim was improper in this action where plaintiff electrician was injured when, while in the course of replacing ballasts on 25 light fixtures, he fell when the A-frame ladder he was attempting to descend swayed. Plaintiff's work at the time of the accident was activity covered under the statute, as it was performed in the context of a larger renovation project on the premises and did not constitute routine maintenance work (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]; *Hernandez v Ten Ten Co.*, 31 AD3d 333 [1st Dept 2006]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889 [2d Dept 2011]; *compare Picaro v New York Convention Ctr. Dev. Corp.*, 97 AD3d 511 [1st Dept 2012]). Given the undisputed evidence as to how the accident occurred, and absence of evidence showing that plaintiff was the sole proximate cause of the accident (*see Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [1st Dept 2002]; *cf. Noble v 260-261 Madison Ave., LLC*, 100 AD3d 543 [1st Dept 2012]), we grant plaintiff partial summary judgment on the issue of liability based upon a search of the record (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 175-176 [1st Dept 2004]; CPLR 3212 [b]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.