Carpentieri v 1438 S. Park Ave. Co., LLC (2023 NY Slip Op 02204)

Carpentieri v 1438 S. Park Ave. Co., LLC

2023 NY Slip Op 02204

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

145 CA 22-00124

[*1]MICHAEL CARPENTIERI, PLAINTIFF-RESPONDENT-APPELLANT,
v
1438 SOUTH PARK AVENUE CO., LLC AND TOPS MARKETS, LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. -- 1483 SOUTH PARK AVENUE CO., LLC, C/O BENENSON PARTNERS, AND TOPS MARKETS LLC, THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS, 
 INDUSTRIAL POWER & LIGHTING CORP., THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 

NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS.
JOHN J. FROMEN ATTORNEY AT LAW, P.C., SNYDER (MICHAEL A. IACONO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.
WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 

 Appeal and cross appeals from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered December 28, 2021. The order granted in part and denied in part the motion of defendants-third-party plaintiffs, the cross-motion of third-party defendant, and the cross-motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion of defendants-third-party plaintiffs and the cross-motion of third-party defendant seeking summary judgment dismissing plaintiff's common-law negligence cause of action and Labor Law § 200 claim and reinstating that cause of action and claim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he received an electric shock from an exposed live wire while performing remodeling work at a grocery store. The property was owned by defendant-third-party plaintiff 1438 South Park Avenue Co., LLC and leased to defendant-third-party plaintiff Tops Markets, LLC (collectively, defendants). The complaint, as amplified by the bills of particulars, asserts causes of action against defendants for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Defendants commenced a third-party action against plaintiff's employer, third-party defendant, Industrial Power & Lighting Corp. (IPL), seeking contractual indemnification.
Following discovery, defendants jointly moved for summary judgment dismissing the complaint and for summary judgment on their third-party complaint. IPL cross-moved for summary judgment dismissing the complaint and the third-party complaint, and plaintiff cross-[*2]moved for summary judgment on his section 241 (6) claim, which is premised upon violations of two provisions of the Industrial Code that protect workers from electrocution.
Supreme Court granted defendants' motion and IPL's cross-motion with respect to the common-law negligence cause of action and Labor Law §§ 200 and 240 (1) claims; denied defendants' motion and IPL's cross-motion with respect to the section 241 (6) claim; denied defendants' motion with respect to their third-party complaint; denied IPL's cross-motion with respect to the third-party complaint; and granted plaintiff's cross-motion in part, determining that defendants violated the Industrial Code provisions but that issues of fact exist regarding proximate cause and comparative negligence. IPL appeals, and defendants cross-appeal. Plaintiff cross-appeals from the order insofar as it granted defendants' motion and IPL's cross-motion with respect to the common-law negligence cause of action and the section 200 claim.
Initially, with respect to IPL's appeal, we reject IPL's contention that the court erred in denying IPL's cross-motion with respect to the Labor Law § 241 (6) claim, which is premised upon defendants' alleged violations of two provisions of 12 NYCRR 23.-1.13 (b). IPL does not dispute that defendants violated those provisions of the Industrial Code or that 12 NYCRR 23.-1.13 (b) is sufficiently specific to support a section 241 (6) claim (see Hernandez v Ten Ten Co., 31 AD3d 333, 333-334 [1st Dept 2006]). According to IPL, however, it met its initial burden to that extent by establishing that plaintiff was negligent in working on the live wire without contacting his supervisor or shutting off the power to that line and that his negligence was the sole proximate cause of his injuries. We reject that contention. It is well settled that there may be more than one proximate cause of an injury (see Thomas v North Country Family Health Ctr., Inc., 208 AD3d 962, 964 [4th Dept 2022]), and that questions of proximate cause are generally for the jury to resolve (see Prystajko v Western N.Y. Pub. Broadcasting Assn., 57 AD3d 1401, 1403 [4th Dept 2008]). Here, even assuming, arguendo, that plaintiff was negligent in his handling of the wire, we conclude that IPL failed to establish as a matter of law that defendants' violations of the Industrial Code were not "a substantial factor in bringing about the injury" (PJI 2:70; see generally Wild v Catholic Health Sys., 21 NY3d 951, 954-955 [2013]).
Regarding plaintiff's cross-appeal, however, we conclude that the court erred in granting defendants' motion and IPL's cross-motion with respect to the common-law negligence cause of action and Labor Law § 200 claim, and we therefore modify the order accordingly. Initially, we note that this cause of action and claim are based on an alleged dangerous condition at the work site (i.e., an exposed live electrical wire) and not the method and manner of plaintiff's work (cf. McFadden v Lee, 62 AD3d 966, 967-968 [2d Dept 2009]). With respect to both common-law negligence and section 200 claims based on a dangerous premises condition, a defendant has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the dangerous condition (see Forman v Carrier Corp., 172 AD3d 1920, 1920 [4th Dept 2019]; Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]). Here, IPL and defendants do not dispute that the exposed live wire constituted a dangerous condition, and we conclude that IPL and defendants failed to establish as a matter of law that defendants did not create the dangerous condition or have actual or constructive notice of that condition.
Finally, with respect to defendants' cross-appeal, we conclude that the court properly denied defendants' motion insofar as it sought summary judgment on their third-party complaint seeking contractual indemnification. The contract between Tops Market, LLC (Tops) and IPL, which included an indemnification clause, was signed approximately two months after plaintiff's accident. "An indemnification agreement that is executed after a plaintiff's accident . . . may only be applied retroactively where it is established that (1) the agreement was made as of a date prior to the accident and (2) the parties intended the agreement to apply as of that prior date" (Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1039 [4th Dept 2021] [internal quotation marks omitted]; see Kolakowski v 10839 Assoc., 185 AD3d 427, 428 [1st Dept 2020]; Guthorn v Village of Saranac Lake, 169 AD3d 1298, 1300 [3d Dept 2019]).
Here, defendants failed to meet their initial burden of establishing as a matter of law that Tops and IPL intended the indemnification clause of their contract to apply retroactively. In support of the motion, defendants submitted the contract, which does not state that it is retroactive, along with the deposition testimony of various witnesses, none of whom testified [*3]unequivocally about the intent of Tops and IPL. Under the circumstances, we conclude that there are questions of fact regarding whether Tops and IPL intended the clause to apply retroactively (see Lorica v Krug, 195 AD3d 1194, 1197 [3d Dept 2021]; Zalewski v MH Residential 1, LLC, 163 AD3d 900, 902 [2d Dept 2018]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court