■ PERCY LAMPMAN, as Parent and Natural Guardian of KEITH LAMPMAN, an Infant, Respondent, v. CAIRO CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered June 11, 1974 in Greene County, which denied defendant's motion for summary judgment dismissing the second cause of action contained in the amended complaint. Two causes of action are alleged, both arising out of the same incident, the first for negligence and the second for breach of warranty. The second cause of action appeared for the first time in the amended complaint. Although

it was served some 20 months after the original complaint, an answer and demand for a bill of particulars was interposed. The main thrust of this appeal, however, is that the notice of claim that has been served is not broad enough to provide statutory compliance for a cause of action for breach of warranty.[1] The notice relates the date and place of the occurrence when the infant plaintiff was injured describing the injuries in sufficient detail and states that the injury "was caused by the infant plaintiff falling from a slide which was maintained in a defective condition on said property by the defendant" and that the "injuries happened entirely through the negligence of said Central School District and its officers, agents, and employees". In these circumstances we are only concerned with whether this defendant has been prejudiced in facing what it describes as a new cause of action. We think not. The two causes of action are closely related in both the pleading and proof of material facts. The notice of claim is sufficient to alert the defendant as to the nature of its alleged liability which would encompass negligence and breach of warranty or both. In accepting the amended complaint and interposing an answer and demand for a bill of particulars, defendant waived any objection it had to plaintiff's service of an amended complaint without leave of the court. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.

---

1. It should be noted that no motion to amend the notice of claim was made pursuant to subdivision 6 of section 50-e of the General Municipal Law, nor was leave of court obtained to serve the amended complaint pursuant to CPLR 3025 (subd. [b]).