■ CLIFFORD RILEY et al., Respondents-Appellants, v S & T CONSTRUCTION, INC., Appellant-Respondent. (And a Third-Party Action.)—Crew III, J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered December 20, 1989 in Broome County, which denied the parties' motions for summary judgment.

Plaintiff Clifford Riley (hereinafter plaintiff) injured his back while working as a carpenter at a residence owned by Craig Hanna. Hanna contracted with plaintiff's employer, McGowan Corporation, for the addition of a second story on his ranch style house. This necessitated the removal of the existing roof, construction of the second story and the addition of a new roof. McGowan contracted with defendant to provide a crane and operator to remove the old roof.

Prior to the accident McGowan employees removed nails from the existing roof, braced it and cut it into seven-foot sections, which were to be removed by crane and deposited in a dumpster. The bracing and cutting were done prior to the arrival of the crane. On the day of the accident, defendant's crane and operator arrived at the construction site and began setting up preparatory to removing the roof sections. Plaintiff noticed one of the roof sections moving and notified McGowan's supervisor, who directed plaintiff to go into the house and brace it. While in the house the moving section fell on plaintiff. Plaintiffs commenced this action against defendant alleging violations of Labor Law §§ 200, 240 and 241 as well as common-law negligence. Defendant moved for summary judg-

ment and plaintiffs cross-moved for the same relief. Supreme Court denied both motions and these cross appeals ensued.

The pivotal issue is whether defendant was a statutory agent of McGowan under the Labor Law. It is clear that owners and general contractors are under a nondelegable duty to provide construction site workers with a safe place to work *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290). However, that duty may be imposed on a subcontractor who becomes the general contractor's statutory agent, and assumption of that status turns on whether the subcontractor was in a position to control any of the activity which generated the injury *(Russin v Picciano & Son,* 54 NY2d 311, 316). "It is the ability to control or supervise the work giving rise to the duties imposed under [the] Labor Law * * * which renders a third-party, who is neither an owner nor a general contractor, liable as their statutory 'agent' " *(Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 154, *appeal dismissed* 75 NY2d 947).

In support of its motion, defendant established that McGowan had a supervisor at the job site who was to oversee construction and supervise the employees. McGowan engaged in all of the work preparatory to the roof removal. Most importantly, McGowan employees braced the roof so that it would remain safely in place during the cutting of the roof and its removal by crane. Additionally, the supervisor instructed the employees where and how to cut the roof sections. McGowan provided and installed the cables to the roof sections so that they could be "hooked" to the crane by McGowan employees, and when sections were to be "picked" by the crane this was done at the direction of the McGowan superintendent. The crane operator did not supervise or direct McGowan employees. In opposition to defendant's motion and in support of their own motion, plaintiffs offered evidence that the crane operator was on the roof looking over the sections prior to their removal, and that during the course of the roof removal the operator gave suggestions to McGowan employees on hooking the sections of the roof to the crane.

From all of the above it is clear that defendant was not in a position to control any of the activity which led to plaintiff's injury. Everything leading up to the collapse of the roof section was done at the direction of McGowan by its employees. It is true that plaintiff and another witness averred that the crane was actually removing one or more sections of the roof at the time of the accident, but there is no evidence of any sort that the crane operation was a contributing factor to the collapse of the roof section. Plaintiffs have failed to

present evidence which creates factual issues as to defendant's control of the work site or that the accident was a result of the negligent operation of the crane, and defendant's motion should therefore have been granted.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.