■ JERRY DANIELS et al., Appellants, v POTSDAM CENTRAL SCHOOL DISTRICT et al., Respondents. (And a Third-Party

Action.) [681 NYS2d 852] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 12, 1997 in St. Lawrence County, which denied plaintiffs' motion for partial summary judgment on the issue of defendants' liability pursuant to Labor Law §§ 200 and 241 (6).

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Jerry Daniels (hereinafter plaintiff) when the wall of an excavated trench collapsed upon him as the result of defendants' alleged violation of (as relevant here) Labor Law §§ 200 and 241 (6). At the time of the incident, plaintiff was acting within the scope of his employment as a laborer for R&S Construction Company, an excavating subcontractor on a construction project of defendant Barry, Bette & Led Duke, Inc. for defendant Potsdam Central School District. Following joinder of issue and some discovery, plaintiffs moved for summary judgment on the issue of liability. Supreme Court denied the motion and plaintiffs appeal.

We affirm. Initially, even assuming (without finding) a violation of 12 NYCRR 23-4.2 (g), the only implementing regulation presently relied upon by plaintiffs in support of their claim of liability under Labor Law § 241 (6), we agree with Supreme Court's determination to deny summary judgment with regard to the cause of action predicated thereon. Fundamentally, such a violation, even if established, would constitute nothing more than " ' "some evidence of negligence which the jury could take into consideration with all the other evidence bearing on that subject" ' " (*Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 298, quoting *Conte v Large Scale Dev. Corp.*, 10 NY2d 20, 29, quoting *Schumer v Caplin*, 241 NY 346, 351; *see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 349, 351). That being the case, and particularly in view of plaintiff's own participation in the excavation of the trench and record evidence that the trench had been excavated in hard-packed clay soil, that the walls had been "stepped back" approximately four feet in order to protect against the risk of collapse, and that industry practice in that locale did not call for the use of shoring or bracing on trench walls, there existed a genuine factual issue as to "whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury" (*Rizzuto v Wenger Contr. Co., supra*, at 350) and as to plaintiff's own comparative negligence (*see, id.*, at 350). Finally, we conclude that the same evidence, together with other record evidence bearing on the issue of Barry, Bette & Led Duke's supervisory control over the portion of the work activity that is alleged to have brought about plaintiff's injury, created genuine factual issues as to defendants' violation of Labor Law § 200 (*see, id.*, at 353).

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.