■ KENNETH A. PAOLANGELI, Appellant-Respondent, v COR-NELL UNIVERSITY et al., Defendants and Third-Party Plaintiffs-Respondents, and WELLIVER MCGUIRE INC., Respondent-Appellant. FRANCIS J. PAOLANGELI, Doing Business as PAOLANGELI CONTRACTOR, Third-Party Defendant-Respondent-Appellant. [745 NYS2d 593] —Peters, J. Cross appeals from an amended order of the Supreme Court (Relihan, Jr., J.), entered June 15, 2001 in Tompkins County, which, inter alia, granted defendants' and third-party defendant's cross motions for summary judgment and dismissed the Labor Law § 240 (1) cause of action and denied plaintiff's motion for partial summary judgment.

Defendant Cornell University (hereinafter Cornell) entered into a written agreement with defendant Beacon Skanska USA (hereinafter Beacon) to serve as construction manager on a renovation project at Sage Hall, located on Cornell's campus. Beacon then subcontracted with defendant Welliver McGuire Inc. (hereinafter Welliver), which thereafter subcontracted with third-party defendant, Francis J. Paolangeli, to perform excavation and other work at the site. Plaintiff was an employee of Paolangeli.

On January 6, 1998, plaintiff was performing excavation work at Sage Hall. Finding the power saw inoperable, he was instructed by his supervisor to go into Sage Hall to locate the power source. Ultimately walking into a darkened basement, plaintiff fell into a hole in the concrete floor which he described as three to four feet wide and five to seven feet deep. As a result of his injuries, he commenced this action against Cornell, Beacon and Welliver pursuant to, inter alia, Labor Law §§ 200, 240 (1) and § 241 (6). Cornell and Beacon commenced a third-party action against Paolangeli alleging, inter alia,

breach of contract by its failure to have named them as additional insureds on the requisite insurance policy. After limited discovery, plaintiff moved for summary judgment on the issue of liability. Paolangeli cross-moved for summary judgment seeking a dismissal of plaintiff's Labor Law § 240 (1) cause of action, while Cornell and Beacon cross-moved for summary judgment against Welliver and Paolangeli for breach of contract, and they also sought dismissal of plaintiff's Labor Law § 240 (1) claim. Welliver sought dismissal of both the Labor Law § 240 (1) and § 241 (6) claims.

By amended order entered June 15, 2001, Supreme Court, inter alia, dismissed plaintiff's Labor Law § 240 (1) cause of action against all defendants and granted all cross motions for summary judgment on that issue. It also denied all motions for summary judgment on the Labor Law § 241 (6) claim, and denied Cornell and Beacon's cross motion for summary judgment against Welliver and Paolangeli. Welliver, Paolangeli and plaintiff appeal.

Recognizing the broad interpretation given to Labor Law § 240 (1), which imposes a nondelegable duty upon property owners and contractors to provide certain safety devices for the protection of construction workers employed on the premises (see, *Melber v 6333 Main St.*, 91 NY2d 759, 762; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500; *Bailey v Irish Dev. Corp.*, 274 AD2d 917, 919), we find Supreme Court to have correctly determined that plaintiff was not exposed to the special elevation related risks contemplated thereby—"those related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; see, *Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743, 743-744, *lv denied* 95 NY2d 766; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765-766, *lv denied* 95 NY2d 765). As plaintiff's deposition testimony aptly describes how he traversed a flat, level basement floor before falling into a hole, we agree with the dismissal of all claims alleging a violation of Labor Law § 240 (1).

Addressing those claims predicated upon Labor Law § 241 (6), "plaintiff is required to plead and prove the violation of specific regulations promulgated by the Commissioner of Labor" (*Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708; see, *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*; *D'Egidio v Frontier Ins. Co.*, *supra*). Notwithstanding the finding by Supreme Court that plaintiff established a viable claim under 12 NYCRR 23-1.7 (b) (1) or, even assuming for these purposes,

under 12 NYCRR 23-1.30, the denial of summary judgment was nonetheless proper since even a violation of these sections would only amount to "some evidence of negligence" (*Daniels v Potsdam Cent. School Dist.*, 256 AD2d 897, 898). Clearly, genuine factual issues remain concerning plaintiff's comparative fault (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, supra at 502 n 4; *Long v Forest-Fehlhaber*, 55 NY2d 154, 160; *Daniels v Potsdam Cent. School Dist.*, supra at 898) and " 'whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury' " (*Daniels v Potsdam Cent. School Dist.*, supra at 898, quoting *Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 350).

Next addressing Welliver's contentions that it should have been awarded summary judgment due to its status as a subcontractor to whom no lighting or barricading responsibility was delegated (*see, Russin v Picciano & Son*, 54 NY2d 311, 317-318; *Rice v City of Cortland*, 262 AD2d 770, 771-772), we find that, by the general terms of its contract, it was responsible to correct or prevent unsafe conditions "on or in the vicinity of its [w]ork." With plaintiff's testimony before Supreme Court indicating that he observed Welliver's employees performing work on the concrete hole and erecting barricades in other locations on the job site, we find that a triable issue concerning liability was created such that an award of summary judgment would be premature.

Finally, we find no error in the determination that plaintiff's accident "arose out of work" performed by Paolangeli. Plaintiff testified that he was doing excavation work for Paolangeli on the date of his injury and that while supervised and directed by T.J. Paolangeli, he descended into the basement in search of a power source. With no evidence that plaintiff took work-related instruction from either Cornell or Beacon, Supreme Court properly resolved this issue.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the amended order is affirmed, without costs. [*See* 187 Misc 2d 559.]