■ ROBERT MUSILLO, Appellant-Respondent, v MARIST COLLEGE et al., Respondents-Appellants, and A&M CONTRACTING et al., Respondents. (And a Third-Party Action.) [762 NYS2d 663] —Kane, J. Cross appeals from an order of the Supreme Court (Kavanagh, J.), entered September 16, 2002 in Ulster County, which, inter alia, denied plaintiff's motion for summary judgment.

Defendant Pavarini Construction Company, Inc. of Delaware was the general contractor for construction of the humanities building on the campus of defendant Marist College. Defendant A&M Contracting was a subcontractor, which further subcontracted fireproofing of the building to defendants Wiley Shedina and Tri-City Drywall, Inc. (hereinafter collectively referred to as Tri-City). Plaintiff was employed as a carpenter by another of Pavarini's subcontractors, third-party defendant J. Mullen & Sons, Inc. While on the job site, plaintiff slipped and fell, sustaining injuries. The slip was apparently precipitated by overspray of fireproofing material that missed its intended target and landed on the concrete floor in an area where plaintiff was walking.

Plaintiff commenced this action alleging violations of Labor Law §§ 200 and 241 (6), as well as common-law negligence. After motions for summary judgment by plaintiff and all defendants, Supreme Court denied plaintiff's motion, granted Tri-City's and A&M's motions dismissing the entire complaint against them, and partially granted Marist's and Pavarini's motions by dismissing plaintiff's Labor Law § 200 and common-law negligence claims. Plaintiff, Marist and Pavarini appeal.

Plaintiff first contends that his Labor Law § 200 and common-law negligence claims were improperly dismissed. We disagree. "The duty imposed under Labor Law § 200, which merely codifies the common-law duty to provide a safe place to work, does not extend to situations where 'the danger at issue is readily observable, bearing in mind the age, intelligence and experience of the worker' " (*Doyne v Barry, Bette & Led Duke*, 246 AD2d 756, 757 [1998], quoting *Bombard v Central Hudson Gas & Elec. Co.*, 229 AD2d 837, 838 [1996], *lv dismissed and denied* 89 NY2d 854 [1996]; *see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 653 [1999]). By his own

admissions, at the time of his accident plaintiff was 48 years old, had been employed in the construction industry for 30 years, had worked around fireproofing for 20 years, had been on this particular job site for over two months, had seen the overspray from the fireproofing in this building for 1 to 1½ weeks prior to the accident, was aware that overspray had fallen to the floor where he was working that day, knew overspray was slippery when wet, saw others slip on the overspray daily, recently traversed the area in which he fell, and the area of overspray where he fell measured approximately 20 feet by 30 feet. Under these circumstances, defendants "cannot be found to have a duty to have protected plaintiff from the obvious condition upon which he faltered" (*Scofield v Trustees of Union Coll. in Town of Schenectady, supra* at 653; *compare Wendell v Sylvan Lawrence Co.*, 279 AD2d 383 [2001]).

Plaintiff further contends that Supreme Court improperly dismissed his Labor Law § 241 (6) claim against A&M and Tri-City. That section imposes a nondelegable duty upon owners, contractors and their agents to protect workers by holding those parties liable for breaches of particular safety regulations containing specific standards (*see* Labor Law § 241 [6]; *Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 893 [2002]; *Sainato v City of Albany*, 285 AD2d 708, 710 [2001]). Plaintiff relied on defendants' alleged violation of 12 NYCRR 23-1.7 (d), which requires safety measures to prevent or rectify slipping hazards.* The Court of Appeals has determined that this regulation mandates a distinct standard of conduct, such that a violation of it constitutes a violation of Labor Law § 241 (6) (*see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]). The question is whether these subcontractors can be considered agents of the owner or general contractor for Labor Law § 241 (6) purposes. Courts have interpreted the statutory "agent" language under this provision to limit a subcontractor's liability "to those areas and activities within the scope of work delegated to it, i.e., where it has been given authority to supervise and control the injury producing activity" (*Rice v City of Cortland*, 262 AD2d 770, 771 [1999], citing *Russin v Picciano & Son*, 54 NY2d 311, 318 [1981]; *see O'Connor v Lincoln Metrocenter Partners*, 266 AD2d 60, 61 [1999]). " 'It is the ability to control or supervise the work giving rise to the duties imposed under [the] Labor Law * * * which renders a

* Plaintiff has abandoned his reliance on 12 NYCRR 23-1.7 (e) (2) by failing to address it in his brief (*see Fairchild v Servidone Constr. Corp.*, 288 AD2d 665, 667 n 3 [2001]) and, in any event, such claim is unavailing (*see Blysma v County of Saratoga*, 296 AD2d 637, 638 [2002]).

third-party, who is neither an owner nor a general contractor, liable as their statutory "agent" ' " (*Riley v S & T Constr.*, 172 AD2d 947, 948 [1991], *lv denied* 78 NY2d 853 [1991], quoting *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 154 [1989], *appeal dismissed* 75 NY2d 947 [1990]). Subcontractors may be held liable as agents under Labor Law § 241 (6) when they have been specifically contractually delegated the duty or obligation to correct unsafe conditions or maintain work site safety (*see Rice v City of Cortland, supra* at 771-772; *Riley v S & T Constr., supra* at 948). Neither A&M nor Tri-City was contractually delegated the authority to control the injury-producing activity or the duty to maintain work site safety, so neither was a statutory agent of the owner or general contractor for Labor Law purposes. Accordingly, Supreme Court properly granted them summary judgment on this claim.

Marist and Pavarini argue that they were entitled to summary judgment on plaintiff's Labor Law § 241 (6) claim. As owner and general contractor, regardless of their own fault, the statute imposes a duty upon them and holds them vicariously liable for injuries sustained by those involved in the construction project (*see Rizzuto v Wenger Contr. Co., supra* at 350). If the jury decides that the regulation was violated, such violation is only some evidence of negligence. The jury may also consider any valid defenses to this claim, including comparative negligence (*see id.* at 350; *Paolangeli v Cornell Univ.*, 296 AD2d 691, 693 [2002]). These questions of fact preclude summary judgment to the owner and general contractor.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.