■ DAVID WELLS, Appellant, v BRITISH AMERICAN DEVELOPMENT CORPORATION et al., Respondents. [770 NYS2d 161]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered January 14, 2003 in Albany County,

---

which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, in this personal injury action, was employed by Matzen Construction, Inc., a general contractor hired by defendants, the owners of property located in the Town of Colonie, Albany County, to excavate a construction site for an office building. On the date of the accident, November 20, 1996, plaintiff's responsibilities entailed laying out and tying steel used in the construction of the concrete footings and walls of the foundation. Plaintiff described the excavation as a hole approximately 16 to 20 feet below street level that was larger than a basketball court but smaller than a football field. The footings and walls on which he was working extended around the perimeter of the hole. According to plaintiff's deposition testimony, at about 6:30 P.M. on the date of the accident, he was standing on the ground at the bottom of the excavated hole on a 4 to 6-inch wide dirt ledge between a concrete footing and an adjacent elevator pit, which was 5 to 6 feet deep. Plaintiff was taking measurements when he felt the ground go out beneath him causing him to fall into the pit. Although he landed on his feet, his elbow struck the ledge causing injury. Plaintiff described the pit opening as about the same size as a pool table.[1]

Following discovery, defendants moved for summary judgment seeking dismissal of plaintiff's causes of action premised upon violations of Labor Law § 240 (1) and § 241 (6). Plaintiff opposed the motion and cross-moved for partial summary judgment on the same claims. Supreme Court granted defendants' motion dismissing the complaint[2] and denied plaintiff's cross motion, prompting this appeal.

The first issue we consider is whether plaintiff's work subjected him to a "special" elevation-related hazard, "the sort of risk which [Labor Law § ] 240 (1) was intended to obviate" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Plaintiff argues that he was working on "an elevated sub-level" within the excavated hole and, therefore, his accident is covered under Labor Law § 240 (1). We disagree. This Court has noted that "[t]he fact that levels or floors may exist below the work surface does not, by itself, compel the conclusion that the work

---

1. While there is conflicting evidence concerning the width of the ledge, the depth of the elevator pit and whether plaintiff actually fell into the pit, we view the evidence in the light most favorable to him, as the nonmoving party on the summary judgment motion, and accept his version of the events (*see Tufano v Morris*, 286 AD2d 531, 533 [2001]).

2. Plaintiff withdrew his claims against defendants premised upon negligence and Labor Law § 200.

surface is an elevated one under [Labor Law § 240 (1)]" (*D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]). Here, the work which plaintiff was completing on the foundation did not take place at an elevation. He did not require the use of one of the devices contemplated by Labor Law § 240 (1) in order to safely perform his tasks (*see id.* at 765). Our decisions in *Tooher v Willets Point Contr. Corp.* (213 AD2d 856 [1995]) and *DeLong v State St. Assoc.* (211 AD2d 891 [1995]) are distinguishable because, in each instance, the plaintiff's injury resulted from work which was required to be performed "at the upper elevation differential" (*D'Egidio v Frontier Ins. Co., supra* at 765). We conclude that plaintiff's "mere proximity to an elevation differential, alone, is insufficient to trigger the protection of Labor Law § 240 (1)" (*id.* at 766; *see Rocovich v Consolidated Edison Co., supra* at 514-515; *Paolangeli v Cornell Univ.*, 296 AD2d 691, 692 [2002]; *Barrett v Ellenville Natl. Bank*, 255 AD2d 473, 474 [1998]). In our view, plaintiff's injury did not result from a special elevation-related hazard under Labor Law § 240 (1), but rather from the usual and ordinary dangers which exist on a construction site (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]; *D'Egidio v Frontier Ins. Co., supra* at 766; *Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 914 [1998]).

We now turn to whether Supreme Court properly granted defendants' motion for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 498 [1993]). To be successful, plaintiff must demonstrate a violation of a specific regulation promulgated by the Commissioner of Labor (*see id.* at 501-502; *Messina v City of New York*, 300 AD2d 121, 122 [2002]). In support of the section 241 (6) cause of action, plaintiff alleged violations under five categories of the Industrial Code. Supreme Court found all five inapplicable and dismissed the entire claim. Finding questions of fact sufficient to require a trial as to three, we modify Supreme Court's determination and reinstate plaintiff's section 241 (6) cause of action as to those claims.

First, 12 NYCRR 23-1.7 (b) (1) applies to "[e]very hazardous opening into which a person may step or fall" (12 NYCRR 23-1.7 [b] [1] [i]), provided that the " 'hazardous opening' . . . [is] one of significant depth and size, i.e., more than 5 by 12 inches wide and 15 to 24 inches deep" (*D'Egidio v Frontier Ins. Co., supra* at 765). The regulation requires hazardous openings to be "guarded by a substantial cover fastened in place or by a safety railing" (12 NYCRR 23-1.7 [b] [1] [i]). Certain other forms of

protection are needed when employees are required to work close to the edge of such an opening (*see* 12 NYCRR 23-1.7 [b] [1] [iii]). According to plaintiff's evidence, the elevator pit opening was large enough for a person to fall through to a lower area. The evidence was, therefore, sufficient to allege a violation of 12 NYCRR 23-1.7 (b) (1) (*see Messina v City of New York*, 300 AD2d 121, 123 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001], *lv denied* 97 NY2d 749 [2002]). Since plaintiff's offer of proof established a prima facie case under Labor Law § 241 (6), his cause of action as to this claimed violation should not have been dismissed.

Second, 12 NYCRR 23-1.15 discusses what constitutes an adequate safety railing when one is required under the Industrial Code. When read in conjunction with the failure to comply with 12 NYCRR 23-1.7 (b) (1) as set forth above, a violation of 12 NYCRR 23-1.15 may be established. Therefore, plaintiff's claimed violation of this provision should not have been dismissed. Third, because plaintiff testified that the ground went out from underneath him, it was error to dismiss, as a matter of law, claims based upon the alleged violations of 12 NYCRR 23-4.2, 23-4.4 and 23-4.5, which involve the shoring and stabilization of trenches and other excavation work (*see generally Ozzimo v H.E.S., Inc., supra* at 914).

In summary, Supreme Court properly granted summary judgment dismissing plaintiff's cause of action premised upon Labor Law § 240 (1), but should not have dismissed his cause of action pursuant to Labor Law § 241 (6) premised upon violations of 12 NYCRR 23-1.7 (b) (1), 23-1.15, 23-4.2, 23-4.4 and 23-4.5. Furthermore, contrary to plaintiff's argument, even if a violation of a regulation was established, he is not entitled to summary judgment on the Labor Law § 241 (6) cause of action, "since . . . a violation of [this] section[ ] would only amount to 'some evidence of negligence' " (*Paolangeli v Cornell Univ., supra* at 693, quoting *Daniels v Potsdam Cent. School Dist.*, 256 AD2d 897, 898 [1998]). Furthermore, there exist factual issues concerning whether each claimed violation was a proximate cause of his injury, as well as questions regarding his comparative fault (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 502 n 4; *Paolangeli v Cornell Univ., supra* at 693).

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action; motion denied to the extent set forth in this Court's decision; and, as so modified, affirmed.