■ PAUL PIAZZA et al., Plaintiffs, v FRANK L. CIMINELLI CONSTRUCTION CO., INC., et al., Defendants. MENORAH CAMPUS, INC., et al., Third-Party Plaintiffs, v ACKERMAN & HUEBSCH, INC., Third-Party Defendant. FRANK L. CIMINELLI CONSTRUCTION CO., INC., Third-Party Plaintiff-Respondent, v ACKERMAN & HUEBSCH, INC., et al., Third-Party Defendants, and MADER CONSTRUCTION CORPORATION, Third-Party Defendant-Appellant. [785 NYS2d 207]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered May 28, 2003. The order denied the motion of third-party defendant Mader Construction Corporation for summary judgment dismissing the amended third-party complaint of Frank L. Ciminelli Construction Co., Inc. against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this common-law negligence and Labor Law action seeking damages for burn/inhalation injuries sustained by Paul Piazza (plaintiff) in an explosion while he was using a torch to solder copper joints in a crawl space. Plaintiffs alleged that plaintiff was not able to smell the acetylene gas that was leaking because of the stench in the crawl space that was caused in part by wet insulation. On a prior appeal, we modified an order of Supreme Court granting in part the motions for summary judgment of defendant-third-party plaintiff Menorah Campus, Inc., defendant-third-party plaintiff Frank L. Ciminelli Construction Co., Inc. (Ciminelli), and third-party defendant Ackerman & Huebsch, Inc. (*Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345 [2003]). Third-party-defendant and fourth-party plaintiff, Mader Construction Corporation (Mader), had submitted an affidavit joining in Ciminelli's motion for summary judgment dismissing plaintiffs' complaint against Ciminelli, and had cross-appealed from the resulting order. One month after entry of that order, but prior to our modification of that order, Mader moved for summary judgment dismissing Ciminelli's amended third-party complaint against it. The court properly denied the motion.

As a preliminary matter, although that was the first motion of Mader for summary judgment seeking dismissal of the amended third-party complaint against it, and thus that motion was not barred by the rule discouraging successive summary judgment motions (*see e.g. Capuano v Platzner Intl. Group, Ltd.* 5 AD3d 620, 621 [2004]; *Farrell v Okeic,* 303 AD2d 957 [2003]), it clearly would have been preferable in the interest of judicial economy for Mader to have made its motion when the other motions for summary judgment were pending before the court. This is particularly so where, as here, Mader's motion relied on the determination of the court on the prior motions, and that order was appealed and subsequently modified.

Mader contends that summary judgment should have been granted because it did not have a nondelegable duty to plaintiff pursuant to Labor Law § 241 (6), but we disagree. A subcontractor such as Mader will be liable as an agent of the general contractor for injuries sustained in those areas and activities within the scope of the work delegated to it (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311, 318 [1981]; *Musillo v Marist Coll.,* 306 AD2d 782, 783-784 [2003]). Plaintiffs' theory of liability in this case is based on a defective condition of the premises rather than the manner of the work (*see Piazza,* 2

AD3d at 1349). Mader failed to meet its initial burden of establishing that it did not have supervision or control of the safety of the area involved in the incident (*see Paolangeli v Cornell Univ.*, 296 AD2d 691, 693 [2002]; *Rose v Widewaters Lakewood Vil. Co.*, 256 AD2d 1122, 1123 [1998]; *see generally Musillo*, 306 AD2d at 784; *cf. DaSilva v Jantron Indus.*, 155 AD2d 510, 511 [1989]). Pursuant to its contract with Ciminelli, Mader was responsible for the crawl space insulation and for the safety of its work and the work area. Mader was also responsible for the clean-up and removal of all debris caused by its operations. We reject the further contention of Mader that, because it did not have control over plaintiff's activities, 12 NYCRR 23-1.7 (g) and 23-1.25 (b) (1) and (2) are not applicable to it (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350-351 [1998]; *Montalvo v J. Petrocelli Constr.*, 8 AD3d 173, 176 [2004]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]; *Kocurek v Home Depot, U.S.A.P.*, 286 AD2d 577, 580 [2001]). Present— Scudder, J.P., Kehoe, Gorski and Hayes, JJ.