ORIE COPP et al., Respondents, v CITY OF ELMIRA, Appellant. [819 NYS2d 167]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered September 9, 2005 in Chemung County, which, inter alia, granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 241 (6).

Plaintiff Orie Copp (hereinafter plaintiff) and his wife, derivatively, brought this action premised upon Labor Law §§ 200, 240 (1) and § 241 (6) following an incident in which plaintiff was struck by an approximately 20-foot section of pipe that fell on him while being lifted by a payloader into a truck. The accident occurred during a project in which plaintiff's employer had contracted with defendant to reconstruct one of its streets. Following disclosure, both parties made motions, including a motion by plaintiffs for partial summary judgment under Labor Law § 241 (6) and a motion by defendant for summary judgment dismissing the complaint. Supreme Court granted defendant's motion to the extent of dismissing the causes of action asserted under Labor Law §§ 200 and 240 (1). The court, however, granted plaintiffs partial summary judgment on the issue of liability under Labor Law § 241 (6). Defendant appeals claiming that "the sole remaining question before this Court is whether 12 NYCRR 23-9.4 applies to the facts of the instant case."

Labor Law § 241 (6) creates "a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998] [internal quotation marks omitted]). In order to successfully establish the statutory cause of action, a plaintiff must show the applicability of a specific provision of the Industrial Code to the relevant work, a violation of the regulation, and that such violation constituted causally related negligence (*see id.* at 350; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]; *Musillo v Marist Coll.*, 306 AD2d 782, 784 [2003]). Comparative negligence

remains a cognizable affirmative defense to a section 241 (6) cause of action (*see Long v Forest-Fehlhaber*, 55 NY2d 154, 160-161 [1982]; *Paolangeli v Cornell Univ.*, 296 AD2d 691, 693 [2002]).

Defendant contends that Supreme Court erred in finding 12 NYCRR 23-9.4 applicable to plaintiff's accident. We cannot agree. While that regulation refers to power shovels and backhoes, it is apparent that the subject payloader was being used in the manner of a power shovel in attempting to elevate construction material. The regulation clearly addresses situations in which construction equipment is used to lift materials and sets forth pertinent safety standards. The term power shovel is not separately defined and where, as here, construction equipment is used to attempt to accomplish the same task as a power shovel, it would be inconsistent with the purpose of the regulation and cause an objectionable result to find the safety precautions regarding lifting materials inapplicable (*see Matter of ATM One v Landaverde*, 2 NY3d 472, 476-477 [2004]).

We do, however, agree with defendant that plaintiffs failed to meet their burden of showing that they are entitled to judgment as a matter of law. There are factual issues as to some of the relevant circumstances surrounding the accident that may implicate comparative negligence and, moreover, showing a violation of a regulation does not necessarily establish a right to summary judgment on a Labor Law § 241 (6) cause of action (*see Wells v British Am. Dev. Corp.*, 2 AD3d 1141, 1144 [2003]; *Musillo v Marist Coll.*, supra at 784; *Daniels v Potsdam Cent. School Dist.*, 256 AD2d 897, 898 [1998]; *see also Rizzuto v L.A. Wenger Contr. Co.*, supra at 349-351).

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment; motion denied; and, as so modified, affirmed.