RAYMOND BAKER, Appellant, v TOWN OF NISKAYUNA et al., Respondents. [891 NYS2d 749]—

Lahtinen, J.

Plaintiff was employed by Gallo Construction Company, which had contracted with defendant Town of Niskayuna to construct a sewer project in the Town. Defendant LaBerge Engineering & Consulting Group, Ltd. was the Town's engineer for the project and it had a representative on the site. In late December 2004, plaintiff was working in a trench dug for the project which was six to seven feet wide and 10 to 12 feet deep. A safety device known as a trench box was present. According to plaintiff, his supervisor from Gallo ordered him to do work in the trench at a

place outside the trench box. The supervisor testified that plaintiff exited the trench box suddenly and of his own volition. In any event, when plaintiff was outside the trench box a wall of the trench collapsed on him causing injuries.

Plaintiff served a notice of claim on the Town in March 2005 and, in January 2006, commenced this action against the Town and LaBerge alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. Following disclosure, defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for, among other things, partial summary judgment. Supreme Court denied plaintiff's cross motion and granted defendants' motions. Supreme Court, in its oral decision, found, among other things, that (1) the trench collapse was not an elevation related risk so as to implicate Labor Law § 240, (2) neither the Town nor LaBerge exercised supervision or control over the construction site such that the common-law negligence and Labor Law § 200 claims could survive, (3) the Labor Law § 241 claim must fail as to LaBerge since LaBerge was not an agent of the owner, and (4) the Labor Law § 241 claim must fail as to the Town both because plaintiff failed to set forth sufficient underlying Industrial Code violations and his notice of claim failed to specifically cite to the Labor Law sections allegedly violated by the Town. Plaintiff appeals, challenging the dismissal of his Labor Law §§ 200 and 241 (6) causes of action as to both defendants.

Initially, we find merit in plaintiff's argument that Supreme Court erred in concluding that his notice of claim was insufficient to apprise the Town of the ensuing causes of action premised upon Labor Law violations. "The test of the sufficiency of a [n]otice of [c]laim is merely 'whether it includes information sufficient to enable the [municipality] to investigate' " (*Brown v City of New York*, 95 NY2d 389, 393 [2000], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Plaintiff's notice of claim set forth, among other things, the date, time and location of the accident, and the way the accident occurred was described. The notice of claim related that plaintiff was working for Gallo, and it referenced LaBerge's role, as well as the fact that the accident occurred during a construction project that had been undertaken pursuant to a contract with the Town. Although it did not reference specific Labor Law sections, it asserted culpable conduct by the Town as a cause of the accident. It is clear from the notice of claim that an accident at a construction site is being alleged. The negligence and Labor Law causes of action asserted by plaintiff were the typical causes of action asserted in a multitude of lawsuits arising from analogous

factual scenarios. The notice of claim contained sufficient information to alert the Town of the potential causes of action asserted and, thus, afforded it an ample opportunity for prompt investigation (*see DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]; *Lampman v Cairo Cent. School Dist.*, 47 AD2d 794, 795 [1975]).

Next, we consider whether plaintiff adequately alleged a violation of safety regulations that contain concrete standards of conduct (and not merely regulations that reiterate common-law standards) so as to avoid summary dismissal of his Labor Law § 241 (6) cause of action. (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]). The regulations cited by plaintiff (i.e., 12 NYCRR 23-4.2, 23-4.4, 23-4.5) satisfy this criterion (*see e.g. Davis v Manitou Constr. Co.*, 299 AD2d 927, 928 [2002]) and, indeed, defendants do not seriously contest such issue on appeal. Since the record reveals ample factual issues as to the elements of a Labor Law § 241 (6) cause of action and the Town, as the owner of the property where the accident occurred, had a nondelegable duty under Labor Law § 241 (6) (*see Copp v City of Elmira*, 31 AD3d 899, 899 [2006]; *Sainato v City of Albany*, 285 AD2d 708, 710 [2001]), it was error to grant the Town summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action.

Plaintiff argues that there are factual questions as to whether LaBerge acted as the Town's agent at the construction site and, thus, that LaBerge should not have been granted summary judgment on the Labor Law § 241 (6) cause of action against it. We cannot agree. "Only upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under [Labor Law §§ 240 and 241 (6)]" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Fisher v Hart*, 27 AD3d 998, 999 [2006]). The contract between the Town and LaBerge did not extend control or supervision of the construction to LaBerge and, in fact, the contract affirmatively provided that LaBerge was not responsible for construction methods or safety precautions at the work site (*see Musillo v Marist Coll.*, 306 AD2d 782, 784 [2003]). Nor is there sufficient proof that, notwithstanding the contractual language, LaBerge exercised the necessary level of control over the construction (*see Becker v Tallamy, Van Kuren, Gertis & Assoc.*, 221 AD2d 1014, 1014 [1995]; *cf. Hall v Miller & Assoc.*, 167 AD2d 688, 690-691 [1990]).

In absence of control by LaBerge, the common-law negligence

and Labor Law § 200 causes of action were properly dismissed as to it (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 269 [2001]). Similarly, the Town did not exercise supervisory control over Gallo's work or the construction project, and the accident resulted from Gallo's alleged methods, including the manner in which it dug and secured the trench, as well as the purported instruction by its supervisor to plaintiff immediately before the accident to work outside the available safety device. The Labor Law § 200 claim against the Town was thus properly dismissed (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]).

Cardona, P.J., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Town of Niskayuna for summary judgment dismissing the Labor Law § 241 (6) cause of action against it; motion denied to that extent; and, as so modified, affirmed.