■ JOSEPH LYNCH, Respondent, v 99 WASHINGTON, LLC, et al., Appellants. [915 NYS2d 353]—

Mercure, J.P. Appeal from an order of the Supreme Court (McDonough, J.), entered March 12, 2010 in Rensselaer County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a carpenter, injured his knee while employed by a subcontractor that was installing aluminum panels on the exterior of a building owned and operated by defendants. The injury occurred when he stepped out of a job site trailer and onto a free-standing aluminum stairwell that was allegedly misaligned with the doorway of the trailer. The trailer was placed in the parking lot of the job site by plaintiff's employer and used for storing tools, for housing blueprints and as a break area. Plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 and 241, as well as common-law negligence. Supreme Court partially granted defendants' subsequent motion for summary judgment by dismissing all causes of action except plaintiff's claim under Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-1.7 (f). Defendants

appeal, and we now modify by dismissing the complaint in its entirety.

Labor Law § 241 (6) imposes a nondelegable duty on "owners and contractors to 'provide reasonable and adequate protection and safety' for workers and to comply with the specific safety rules and regulations"—that is, those provisions that require compliance with concrete specifications, as opposed to general safety standards—"promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *accord Misicki v Caradonna*, 12 NY3d 511, 515 [2009]). Thus, in order to establish a claim under section 241 (6), "a plaintiff must show the applicability of a specific provision of the Industrial Code to the relevant work, a violation of the regulation, and that such violation constituted causally related negligence" (*Copp v City of Elmira*, 31 AD3d 899, 899 [2006]). The sole issue on this appeal is whether 12 NYCRR 23-1.7 (f), which is entitled "Vertical passage" and provides that "[s]tairways . . . shall be provided as the means of access to working levels above or below ground," is applicable under the circumstances herein.

We agree with defendants that the stairway on which plaintiff fell cannot be said to have "provided . . . access to [a] working level[ ] above or below ground" within the meaning of section 23-1.7 (f). Although the temporary job site trailer was located on a construction site, construction work was not performed in the trailer, which was in the parking lot of defendants' building and used for storing tools and as a break area. At the time of the accident, plaintiff was not performing any work; rather, he had entered the trailer to return his tools, put away his safety harness, and sign his time sheet because he was leaving the job site for the day. Accordingly, section 23-1.7 (f) is inapplicable because the trailer was not a "working level" and plaintiff's claim in this regard should have been dismissed (*see Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 713 [2007], *lv denied* 10 NY3d 701 [2008]; *Amantia v Barden & Robeson Corp.*, 38 AD3d 1167, 1169 [2007]; *Farrell v Blue Circle Cement, Inc.*, 13 AD3d 1178, 1179-1180 [2004], *lv denied* 4 NY3d 708 [2005]; *see also Painton v Cosco Wholesale*, 267 AD2d 288, 289 [1999]; *cf. Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320, 321 [2008]; *Gonzalez v Pon Lin Realty Corp.*, 34 AD3d 638, 639 [2006]; *Smith v Woods Constr. Co.*, 309 AD2d 1155, 1156 [2003]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment

awarded to defendants and complaint dismissed against them; and, as so modified, affirmed.