■ STEPHEN KEMPISTY, Appellant, v 246 SPRING STREET, LLC, et al., Respondents. [938 NYS2d 288]—

The motion court erred in finding that Labor Law § 240 (1) does not apply in this case because there was no appreciable height differential between plaintiff and the object being hoisted, a four-ton steel block, that crushed plaintiff's foot. The elevation differential cannot be considered de minimis when the weight of the object being hoisted is capable of generating an extreme amount of force, even though it only traveled a short distance (see *Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]; see also *Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1 [2011]).

Having concluded that section 240 (1) applies, the question is whether or not defendants established the existence of an issue of fact sufficient to deny plaintiff summary judgment. They have not. Plaintiff established that the accident was proximately caused by the application of the force of gravity to the block.

Plaintiff's expert asserts the block was not properly secured, through the use of tag lines or other safety devices, to prevent it from moving while being hoisted.

In opposition, defendants' expert merely attempts to shift proximate cause of the accident to plaintiff for walking in the path of the block, and he states, in conclusory fashion, that tag lines were not required to be used during the load test. This does not sufficiently challenge the conclusions of plaintiff's expert that the accident was the direct result of the application of gravity to the block.

Regarding plaintiff's section 241 (6) claim, we agree that defendants raised an issue of fact sufficient to defeat plaintiff's motion. The motion court providently exercised its discretion in considering the affidavit submitted from defendants' expert. Contrary to the motion court's determination, however, plaintiff did not abandon the section 241 (6) claim insofar as premised on the remaining Industrial Code sections. This case differs from *Musillo v Marist Coll.* (306 AD2d 782, 783 n [2003]), upon which the motion court relied, insofar as here it was plaintiff who moved for summary judgment. Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section. However, that is not the case where the plaintiff is the moving party. Nevertheless we find, upon a search of the record, that the section 241 (6) claims premised on section 23-3.3, which pertains to demolition by hand, section 23-3.4, which pertains to mechanical methods of demolition, and section 23-6.1, which, by its terms, does not apply to cranes, are inapplicable under the circumstances presented, and should be dismissed. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 33254(U).]**