■ RICKEY L. DUFFINA, Respondent, v COUNTY OF ESSEX, Appellant, and GRAYMONT MATERIALS, INC., Respondent. (And a Third-Party Action.) [974 NYS2d 645]—

Peters, P.J. Appeal from an order of the Supreme Court (Muller, J.), entered May 21, 2012 in Essex County, which, among other things, denied a motion by defendant County of Essex for summary judgment dismissing the complaint against it.

In 2007, defendant County of Essex contracted with defendant Graymont Materials, Inc. for the supply of asphalt to be used by the County in maintaining its roadways. Graymont, in turn, contracted with Beaudin Brothers Trucking to transport and deliver the asphalt. On August 24, 2007, plaintiff, a dump truck driver employed by Beaudin, was assigned to haul asphalt from a quarry to a county paver at a construction site located on Hurricane Road in the Town of Keene, Essex County. On that day, the paving operations started towards the top of one particular slope of Hurricane Road and continued in a downward direction. As plaintiff crested the hill upon his arrival at the site with his second haul of the day, the brakes of his tri axle dump truck ceased functioning, causing it to barrel past the paving operation and continue down the hill at a high rate of speed. According to plaintiff, he had to swerve to avoid oncoming civilian traffic as well as construction vehicles and, when it became apparent that he could no longer control the vehicle, he kicked the door open and jumped from the truck, which then ran off the road, through a guardrail and over an embankment. Plaintiff sustained severe physical injuries, including damage to his brain and spinal cord.

As a result, plaintiff commenced this action against the County alleging negligence and a violation of Labor Law § 241 (6). Following joinder of issue, the County commenced a third-

party action seeking both common-law and contractual indemnification from Graymont and third-party defendants, the proprietors of Beaudin Brothers Trucking. Thereafter, plaintiff commenced a separate action for negligence and a Labor Law § 241 (6) violation against Graymont. After the two actions were consolidated, Graymont moved for summary judgment dismissing the complaint and the County's indemnification claims against it. The County likewise moved for summary judgment, seeking dismissal of the complaint and judgment on its contractual indemnification claim against Graymont, and plaintiff cross-moved for summary judgment on his Labor Law § 241 (6) claim. Following extensive oral argument, Supreme Court rendered a sparse decision from the bench which, among other things, denied the County's motion in all respects and granted Graymont's motion dismissing the County's indemnification claim against it. The County appeals.

We reject the County's contention that the notice of claim was insufficient to apprise it of several of the allegations of negligence set forth in plaintiff's complaint and bill of particulars. "The test of the sufficiency of a [n]otice of [c]laim is merely 'whether it includes information sufficient to enable the [municipality] to investigate' " (*Brown v City of New York*, 95 NY2d 389, 393 [2000], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *accord Baker v Town of Niskayuna*, 69 AD3d 1016, 1017 [2010]; *see Rosenbaum v City of New York*, 8 NY3d 1, 11 [2006]). Plaintiff's amended notice of claim clearly set forth the date, time and location of the accident, and described how it occurred. Such notice also stated that the claim was one for personal injuries suffered by plaintiff, asserted that the County was negligent in failing to provide a safe work environment, and listed specific negligent conduct by the County as a cause of the accident. Thus, the notice of claim contained sufficient information to apprise the County of the potential allegations of negligence asserted and afforded it ample opportunity to promptly investigate (*see Baker v Town of Niskayuna*, 69 AD3d at 1017-1018; *compare Mitchell v City of New York*, 131 AD2d 313, 315-316 [1987]).

The County next contends that Supreme Court erred in denying its motion for summary judgment dismissing plaintiff's common-law negligence claims, specifically arguing that plaintiff failed to provide sufficient evidence to establish any negligence on its behalf. With the exception of plaintiff's claim that the County was negligent in permitting public traffic on Hurricane Road while the construction was ongoing, we agree. The crux of

plaintiff's common-law negligence claim[1] is that, in light of the steepness and grade of the relevant portion of Hurricane Road, the County was negligent with respect to the manner in which it conducted the paving operations, including its decision to pave in a downward fashion and the manner in which it instructed asphalt to be loaded into the paver. Plaintiff asserts that, as a result of such negligence, great stress was placed on the brakes of his truck, which ultimately caused them to fail. While the County oversaw the construction operations and, in so doing, determined the manner in which the paver would be operated and the method by which the asphalt would be dumped into the paver, plaintiff failed to submit any competent evidence, expert or otherwise, establishing that the work was being performed in an unsafe manner. Although certain witnesses characterized the portion of the road being paved as "steep," no evidence was presented to quantify the grade or slope of the road or to establish that it was unusually dangerous for the nature of the work or the manner in which it was being performed. Nor has plaintiff shown that the method by which the asphalt was delivered to the paver violated any industry-wide standards or accepted practices. Moreover, there is no evidence that plaintiff, or anyone else, complained to the County regarding the steepness of the slope or of any other unsafe condition with respect to the work being performed, and the proof submitted on the motion established that none of the other drivers of tri axle dump trucks encountered any problems performing tasks similar to plaintiff's. Thus, except as discussed below, we find no proof that the County acted negligently with respect to its decisions concerning the manner in which the paving operations were being performed (*see Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1223 [2011]).

With regard to its alleged negligence in permitting civilian traffic to continue while construction was underway, the County asserts that summary judgment in its favor is warranted because the accident was caused by plaintiff's improper operation of his vehicle, rather than any negligence on its part. It is well settled, however, that there may be more than one

---

1. While plaintiff's complaint and bill of particulars broadly allege the existence of a "dangerous condition" on the roadway, and set forth several allegations such as negligent design and maintenance of the road and failure to repair and maintain the road in a safe condition for the use of the motoring public, plaintiff's counsel clarified during oral argument before Supreme Court that plaintiff's theory of negligence was not that the road was dangerous or defective for everyday use, but that it presented a hazard for construction vehicles such as plaintiff's in connection with the manner in which the work was being performed.

proximate cause of an injury (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999]; *Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010]), and it is of no consequence that the accident was not set in motion by any negligence on the part of the County. So long as it can be demonstrated that the decision to permit public traffic to continue during the paving operations was "a substantial factor in aggravating plaintiff's injuries, a cause of action may be upheld" (*Gutelle v City of New York*, 55 NY2d 794, 796 [1981]; *see Popolizio v County of Schenectady*, 62 AD3d 1181, 1183 [2009]; *Hill v Town of Reading*, 18 AD3d 913, 916 [2005]; *Temple v Chenango County*, 228 AD2d 938, 940 [1996]).

Plaintiff testified that, after his brakes failed, he swerved into the left-hand lane to avoid the paver and other construction vehicles parked in the right-hand lane, and then saw three cars coming towards him in that left-hand lane which were forced to pull off the road in order to avoid his vehicle. He further explained that the presence of these cars prevented him from driving his truck into a ditch in order to stop. Viewing this evidence in a light most favorable to plaintiff and affording him the benefit of every positive inference (*see Coleman v Crumb Rubber Mfrs.*, 92 AD3d 1128, 1130 [2012]; *Bailey v County of Tioga*, 77 AD3d at 1253), we conclude that an issue of fact exists as to whether the alleged negligence of the County in permitting public traffic on Hurricane Road, while construction was ongoing, was a substantial factor in causing or exacerbating plaintiff's injuries (*see Ferguson v Sheahan*, 71 AD3d 1207, 1210 [2010]; *Popolizio v County of Schenectady*, 49 AD3d 1117, 1119 [2008]; *Hill v Town of Reading*, 18 AD3d at 915-916; *Gonzalez v City of New York*, 268 AD2d 214, 215 [2000]).

We next address the County's contention that Supreme Court should have dismissed plaintiff's cause of action under Labor Law § 241 (6). That statute "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *see St. Louis v Town of N. Elba*, 16 NY3d 411, 413 [2011]; *Kropp v Town of Shandaken*, 91 AD3d 1087, 1090 [2012]). In order to establish a cause of action under Labor Law § 241 (6), "a plaintiff must show the applicability of a specific provision of the Industrial Code to the relevant work, a violation of the regulation, and that such violation constituted causally related negligence" (*Copp v City of Elmira*, 31 AD3d 899, 899 [2006]; *accord Lynch v 99 Washington, LLC*, 80 AD3d 977, 978 [2011]).

Plaintiff alleges that the County violated 12 NYCRR 23-9.7

(a),[2] which provides that "[t]he brakes of every motor truck shall be so maintained that such truck with full load may be securely held on any grade that may be encountered in normal use on the job." While the County does not dispute that this provision is sufficiently specific to form the basis for liability under Labor Law § 241 (6), it argues that the regulation is not applicable to the circumstances here. Mindful that "[t]he Industrial Code should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (*St. Louis v Town of N. Elba*, 16 NY3d at 416; *see McCoy v Metropolitan Transp. Auth.*, 75 AD3d 428, 429 [2010]), we cannot agree. Although the regulation speaks in terms of the ability of the brakes to "h[o]ld" the construction vehicle, the purpose of the regulation is to ensure proper functioning of a truck's brakes on any terrain or grade normally encountered. Thus, we find that the language of the regulation addresses not only the ability of a truck's brakes to hold a stopped truck in place, but also the ability of the brakes to bring a moving vehicle to a stop. Any other interpretation would not only lead to an incongruous result, but would also be inconsistent with the purpose of the regulation, specifically, and the Industrial Code as a whole (*see Copp v City of Elmira*, 31 AD3d at 900). Furthermore, inasmuch as there is conflicting evidence as to whether, as plaintiff's expert opines, the brake failure was caused by inadequate maintenance, there exist factual issues concerning whether the claimed violation was a proximate cause of plaintiff's injuries, as well as questions regarding his comparative fault (*see Milanese v Kellerman*, 41 AD3d 1058, 1061-1062 [2007]; *Copp v City of Elmira*, 31 AD3d at 900; *Wells v British Am. Dev. Corp.*, 2 AD3d 1141, 1144 [2003]; *Bryant v General Elec. Co.*, 221 AD2d 687, 689-690 [1995]).

Finally, we agree with the County that dismissal of its contractual indemnification defense against Graymont was improper. The indemnification clause expressly incorporated into the contract between Graymont and the County provides that the former "shall defend, indemnify and hold harmless the County to the fullest extent allowed by law from and against any and all liability, suits, judgments, orders, causes of action, and claims . . . arising out of or in connection with [Graymont's] negligence and/or its performance or failure to perform this

---

**2.** To the extent that plaintiff's claim relies upon 12 NYCRR 23-9.7 (b) and/or (c), it must be dismissed. 12 NYCRR 23-9.7 (b) has no application to the facts of this case, and there is no evidence that plaintiff's vehicle was loaded beyond its rated capacity in violation of 12 NYCRR 23-9.7 (c).

agreement."[3] Pursuant to the parties' agreement, Graymont was responsible for both furnishing the asphalt as well as delivering it to the county paving machines at the designated job site, and it is undisputed that the accident occurred during such delivery. Accordingly, plaintiff's claims here clearly arose out of or in connection with Graymont's performance of the agreement, and the County is therefore entitled to summary judgment on its contractual indemnification claim against Graymont (*see Walls v Sano-Rubin Constr. Co.*, 4 AD3d 599, 602 [2004]; *Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 843 [1995]).

Rose and Lahtinen, JJ., concur.

Egan Jr., J. (concurring). I recognize that, notwithstanding the seemingly contrary language of the statute, Labor Law § 241 (6) has been judicially extended to encompass highway repaving projects (*see Mosher v State of New York*, 80 NY2d 286, 288-289 [1992]; *see also Ares v State of New York*, 80 NY2d 959, 960 [1992]; *Torres v Springcreek Assoc.*, 295 AD2d 976, 977 [2002]), and I acknowledge both that plaintiff has alleged the violation of a specific provision of the Industrial Code and that the record before us contains conflicting proof as to the cause of the asserted brake failure. For those reasons, and given the constraints of the existing case law, I reluctantly conclude that defendant County of Essex is not entitled to summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action. That said, I write separately because I fail to see how either the statutory goal or the remedial purpose of the Labor Law is advanced by holding the County liable under the circumstances presented here.

The County contracted with defendant Graymont Materials, Inc. to supply asphalt for the paving project, and Graymont, in turn, contracted with plaintiff's employer, Beaudin Brothers Trucking, to transport and deliver the asphalt to the Hurricane Road paving site in the Town of Keene, Essex County. On the day of the accident, plaintiff delivered his first load of asphalt to the job site without incident and returned to the plant to pick up another load. During the course of the 45- to 60-minute drive from the plant back to the Hurricane Road site, plaintiff did not experience any difficulties with the brakes on the dump truck. As plaintiff crested the hill at the job site, however, the truck's brakes purportedly failed.

Initially, to my analysis, the only factor that distinguishes

---

**3.** While Graymont also cites an indemnification clause set forth in a County document entitled "General Specifications for Procurement Contracts," this was not incorporated into the parties' agreement.

plaintiff's Labor Law § 241 (6) claim from a run-of-the-mill motor vehicle accident—the latter of which, under the circumstances presented here, would not provide a basis for imposing liability upon the County—is the fact that the alleged brake failure occurred as plaintiff approached the job site. Had the asserted failure occurred at the asphalt plant itself or at any point along the route that was not in close proximity to the Hurricane Road site, the County, which did not own or operate either the dump truck or the asphalt facility, clearly would not be liable (*see Flores v ERC Holding LLC*, 87 AD3d 419, 420-421 [2011]). Notably, although plaintiff indeed was transporting materials that were an integral part of the repaving project, he was not actually engaged in unloading the asphalt at the time that the accident occurred. Under these circumstances, plaintiff should not, in my view, be entitled to the protection afforded by the statute simply—and only—by virtue of the fact that his brakes purportedly failed just as he arrived at the site.

Additionally, while the contested causation issues may well break in the County's favor at trial, I do not believe that either the statutory goal or the remedial purpose of the statute is served or furthered by effectively casting the County—and other similarly situated owners—in the role of an insurer. Indeed, by allowing plaintiff's Labor Law § 241 (6) cause of action to stand, we essentially are advising the County to—going forward—either undertake an independent inspection of all vehicles owned by its contractors' subcontractors to ensure compliance with any potentially applicable Industrial Code regulations or suffer the consequences of failing to do so. In my view, placing that burden upon an owner such as the County extends the statutory scheme far beyond its intended reach.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the motion of defendant County of Essex for summary judgment (a) on its cross claim for indemnification against defendant Graymont Materials, Inc. and (b) dismissing the Labor Law § 241 (6) cause of action against it to the extent that it is based on 12 NYCRR 23-9.7 (b) and (c), and (2) granted Graymont's motion for summary judgment dismissing the County's cross claim; the County's motion granted to that extent, and Graymont's motion denied to that extent; and, as so modified, affirmed.